Baldwin v. Tuttle.

---

## BALDWIN v. TUTTLE.

1. Appeal to Supreme Court: WHAT EFFECTUATES: TIME. An appeal from a decision of the District to the Supreme Court is fully effectuated by serving notice of the appeal on the clerk and adverse party within one year from the date of the decision, and it is not necessary that such notice be filed with or marked "filed" by the clerk within that time.

Baldwin v. Tuttle.

2. —— TRIAL OF EQUITABLE ACTIONS: FORM OF EVIDENCE. When objected to, the Supreme Court cannot try an equity cause triable by the first method except upon the depositions and papers, used as evidence, *in their original form.* Nor, on the other hand, can an ordinary action, or an equitable one triable by the second method, be tried except upon a *transcript* of the original papers. Rev. 1860, § 3512.

3. Executor and administrator: FILING OF CLAIMS: LIMITATION: JUDGMENT LIEN. Sections 2399 and 2405 have reference only to judgments or claims sought to be established against the personal assets; and the failure to file, as a claim against the estate, a judgment rendered prior to the death of the decedent, within the time prescribed by the latter section, does not affect the lien of such judgment against real estate upon which the same operated during the life-time of the decedent.

4. Limitation, statute of: RELIEF ON GROUND OF FRAUD: BURDEN OF PROOF. When a judgment is sought to be enforced against land which, it is alleged, the debtor fraudulently conveyed to his wife before the rendition of the judgment, the burden is upon defendant, pleading the statute of limitation, of proving facts necessary to constitute the bar, and to do this it is essential, under section 2741, Revision of 1860, to prove not only that five years have elapsed since the fraud, but since it was discovered by or became known to plaintiff.

5. Estoppel: FRAUDULENT CONVEYANCE: EFFECT OF DEED FROM FRAUDULENT VENDEE. A creditor is not estopped from assailing as fraudulent a conveyance of real estate by his debtor, by the fact that after such conveyance he received for his benefit a deed of trust executed by the alleged fraudulent grantee, upon a portion of the land included in such conveyance, when it is not shown that he took such trust-deed and claimed thereunder with a full knowledge of the fraud in the conveyance to his grantor.

6. Fraudulent conveyance: EVIDENCE STATED. The facts upon which a conveyance by a debtor to his wife, was held, as to a creditor, to be fraudulent and void, stated and discussed by COLE, J.

7. —— EVIDENCE: BURDEN OF PROOF. A conveyance by a debtor to his wife, including all his real estate except the homestead, recited the consideration to be the "natural love and affection" he bore his wife, and the "further sum of $5,000 in hand paid," etc.: *Held,*

1. That as to an existing creditor, the deed on its face was void as to a part of the property conveyed.

Baldwin v. Tuttle.

2. That the burden of proof was upon the defendant to show that the deed, as to a small portion of the land included therein, which the creditor was seeking to subject to his claim, was for a valuable consideration.

3. That no such proof being made, the deed would be held void as to such portion, and the creditor entitled to have the same subjected to his debt.

*Appeal from Jefferson District Court.*

WEDNESDAY, JULY 31.

WILLIAM PITKIN, James McFee and Orlando Wertz, on the 12th day of March, 1857, executed to plaintiff their joint and several notes — each due within one year, and amounting in all to the sum of $4,400.

April 15, 1858, suit was commenced on said notes, in the District Court of Jefferson county, and on the 20th day of October following, judgment was rendered against the makers of said notes for the sum of $3,339.42.

On the 6th day of October, 1858, Wm. Pitkin conveyed all of the real estate owned by him, and that appeared of record in his name (excepting the homestead) to his wife, Mary Pitkin. In March, 1858, Pitkin died, leaving his wife, Mary Pitkin, and three minor children (named in the petition) surviving. B. B. Tuttle was appointed administrator, and proceeded to settle up the estate of the deceased.

Mary Pitkin, the widow, afterward married the other judgment debtor, O. Wertz.

In the spring of 1861, Mary Wertz died, leaving no issue excepting the children by her former husband; B. B. Tuttle was also appointed administrator on her estate.

In 1863, Wertz died without issue, leaving no heir excepting his mother, Prisilla Wertz; one L. S. Moore was appointed his administrator.

August 24, 1864, plaintiff filed his petition in the District Court of Jefferson county, setting up the above facts; making the said administrators and heirs party defendants; and representing further, that the estates of Pitkin and Wertz, had been fully administered upon and proved insolvent; that McFee was insolvent, and that about $2,000 of plaintiff's judgment was yet due and unpaid.

Plaintiff further represents that a mortgage was executed by the said judgment debtors, to secure said notes, on some real estate owned by them jointly; that they owned as partners another small tract of land.

Plaintiff asks that the judgment be revived against B. B. Tuttle, as administrator of Wm. Pitkin, and that the same be declared a lien on a certain 40 acre tract of land included in the conveyance of Pitkin to his wife, which it is claimed was fraudulent and void, as against the claim of plaintiff.

That execution issue, *first*, against the tract of land included in the mortgage; *second*, against the lands owned by the said judgment debtors as partners; and, *third*, against the 40 acre tract conveyed by Pitkin to his wife. The minor heirs by their guardian alone appear and defend.

The answer contains:

1. A denial of any fraud in the conveyance of Pitkin to his wife.

2. That plaintiff sanctioned and acknowledged such conveyance as lawful and binding.

3. That the claim was never filed in the probate court.

4. That plaintiff's cause of action is barred by the statute of limitation.

The cause was submitted on the petition, answer, and the evidence introduced by plaintiff.

The court directed execution to issue against the tract

Baldwin v. Tuttle.

of land mortgaged, also the land owned jointly by the
said judgment debtors, but refused to subject the land
sold by Pitkin to his wife to the lien of plaintiff's judg-
ment. From that portion of the decree denying the
relief asked, plaintiff appeals; from the balance, the
defendants appeal.

*Caleb Baldwin pro se.*

*Negus & Culbertson* for the defendants.

COLE, J. — The foregoing statement is that made by
the plaintiff and not controverted by the defendants.
The further facts necessary to understand the points
decided, will be stated in connection with each point.

As to defendants' appeal.

I. It is first insisted, that the plaintiff's appeal was not
taken in time to entitle him to a hearing in this court.

1. APPEAL TO
SUPREME
COURT: what
effectuates:
time.

The judgment was rendered January 5, 1866.
The notice of appeal was duly served by
acknowledgment of service thereof by the
defendants' attorneys and the clerk, on the 17th day of
December, 1866; but it is marked, "Filed, May 24,
1867. Wm. Long, Clerk." This latter fact is relied upon
to show that the appeal was not perfected within one
year. It is sufficient if the notice of appeal is served
within one year upon the adverse party, or his attorney,
and the clerk. Rev. § 3509. It is not made necessary by
the statute to file such notice in the clerk's office, or to
have the same marked as filed within one year.

II. The transcript contains *copies* of the depositions
taken in and used on the trial of the cause. It is objected

2. —— trial of
equitable ac-
tions: form
of evidence.

by defendants' counsel, that the cause cannot
be heard in this court upon such copies; it
being an equity action, triable, and by the
District Court tried, according to the first method of

Baldwin v. Tuttle.

trying equitable causes. The counsel for defendants state the law correctly. Rev. § 3512. This court cannot, if properly objected to, try an *equity cause by the first method*, except upon the depositions and papers *in their original form*, as used by the District Court. Nor can we try an *ordinary action*, or equitable one triable by the *second method, on the original papers*, but only upon *transcript* thereof. In this case, however, we find with the transcript containing a copy of the depositions and papers, also the depositions and papers used in evidence, in their original form, properly certified by the clerk; and hence the objection in this case is obviated.

III. The defendants, in their answer, set up and rely upon the statute of limitations, and their argument here presents it in two aspects, both of which legitimately arise. *First.* Wm. Pitkin died in March, 1859; on the 23d day of that month B. B. Tuttle was appointed administrator of his estate; and on the 23d day of the next month, April, 1859, he gave due notice of his appointment. The claim of plaintiff was never entered in the catalogue of claims, before the County Court at all; and this suit was not commenced until the 12th day of August, 1864. Under these circumstances it is insisted that the claim is barred, more than "one year and a half" having elapsed since the giving of the notice of appointment of the administrator. Rev. §§ 2399 and 2405.

*3. EXECUTOR AND ADMINISTRATOR: filing of claims: judgment lien.*

If the plaintiff was seeking to prove up or establish his claim as against the personal assets in the hands of the administrator, this defense of the statute of limitations might be available. (See the sections cited above.) But the plaintiff by this suit is not seeking to establish his claim in that way. He is seeking that "preference allowed by law in favor of judgments rendered prior to the death of the decedent" spoken of in section 2399

(*supra*).  That is, he demands, by this suit, the enforce-
ment of the lien of his judgment, which became and was
a lien prior to the death of the decedent.  If he has such
a lien, it is not barred by the sections of the statute above
referred to.  *Allen* v. *Moer, Admr.*, 16 Iowa, 307.

*Second.* The defendants have pleaded the statute of
limitations and have upon them the burden of proving
4. LIMITATION, the facts necessary to constitute that bar.  To
STATUTE OF:
relief on   do that, it is essential to prove, not only that
ground of
fraud.       five years have elapsed since the fraud, but also
that it was discovered by, or known to, the plaintiff, five
years before action brought.  Rev. § 2741 (1660).  This
has not been done; nor is there any claim that it has
been shown.  In either view, therefore, the defendants
have not established their defense of the statute of
limitations.

IV.  The conveyance by Wm. Pitkin to his wife, Mary
Pitkin, which the plaintiff alleges was fraudulent in fact
5. ESTOPPEL:   and void, embraced several tracts or parcels
effect of deed
from fraudu-  of land.  It is claimed by defendants' counsel
lent vendee.   that the whole case shows that this plaintiff
took a trust-deed for his benefit, from such fraudulent
vendee, of a part of the lands embraced in such, now
alleged, fraudulent conveyance.  That he is therefore a
claimant or grantee and holder under such deed, and is
thereby estopped from now assailing it as fraudulent.
Whatever might be the rule, upon showing that the
plaintiff took his trust-deed and claimed thereunder with
a full knowledge of the fraud in the conveyance to his
grantor, Mary Pitkin, he certainly cannot be estopped
without such showing.  There is no such showing in this
case.

This disposes of all the questions made by defendants;
and, so far as the defendants' appeal is concerned, the
judgment of the District Court must be affirmed.

Baldwin v. Tuttle.

V. As to plaintiff's appeal. The only question involved in the plaintiff's appeal is one of fact; and 6. FRAUDULENT CONVEYANCE: evidence stated. it is this: Was the conveyance by William Pitkin to his wife, Mary Pitkin, fraudulent or void, as to the plaintiff, who was a creditor at the time?

The following facts are established:—*First*, the conveyance was of several tracts of land, and embraced all the land owned by Wm. Pitkin at that time, except his homestead. (The two tracts subjected by this suit belonged to Wm. Pitkin & Co.)

*Second*, the deed itself recites the consideration for it to be, " *the natural love and affection which I have for my wife Mary Pitkin*, and for the further consideration of $5,000 in hand paid to me, do hereby convey, etc."

*Third*, the deed was made on the 6th day of October, 1858, while plaintiff's suit was pending (it having been brought the April preceding), and only a few days before judgment was rendered in said suit in favor of plaintiff and against said Wm. Pitkin and others for between $3,000 and $4,000.

*Fourth*, the said Wm. Pitkin died in the March following (1859), about five months after the making of said deed, and was insolvent, leaving plaintiff's judgment unpaid.

*Fifth*, there is no showing (nor is the contrary shown) that Mary Pitkin ever had any separate estate of her own, of any kind, or that she paid any portion of the $5,000 of the recited consideration; nor does the deed recite that it was paid *by her* or *for her*.

*Sixth*, there is no showing of any reason for the making of the deed at the time it was made, nor of any use made by Wm. Pitkin, of any portion of the recited consideration of $5,000, while he continued to use the property as before the conveyance.

Baldwin v. Tuttle.

These together constitute an array of facts, quite sufficient under the rule as laid down in *Twyne's case*, to prove the deed in this case to be void as to the plaintiff, both as voluntary and fraudulent. See *Twyne's case*, and notes in 1 Smith's Lead. Cas. 1 *et seq.*; *Glen* v. *Glen*, 17 Iowa, 498; *Laing* v. *Cunningham*, Id. 510; *Hook* v. *Mowre*, Id. 195.

It will be remembered that the deed on its face purports to be *voluntary* as to a part of the property; that is, the consideration is partly "*love and affection*," and partly valuable. If this is true (and the defendants do not controvert it), as to a part of the property conveyed, the deed was voluntary, and, hence, as to the plaintiff, who was a creditor at the time, was void.

<div style="float:left">7. —— evidence: burden of proof.</div>

The plaintiff seeks to subject only forty acres (a small part) of the property included in the conveyance. It being true that the conveyance was partly voluntary, and to that extent void on its face as to plaintiff, the burden of proof may well be held to be upon defendants to show that, as to the property claimed by plaintiff, the deed was made for a valuable consideration.

There is no proof aside from the recital in the deed, that any valuable consideration whatever was paid for the conveyance.

It seems to us, that, upon the whole case, there can be no reasonable doubt that the deed from William Pitkin to his wife, Mary, was, as to the plaintiff's claim, voluntary and void.

The plaintiff's appeal is, therefore, sustained. Appellees must pay costs.

Reversed as to plaintiff's appeal.

Affirmed as to defendants' appeal.