CORNELL v. CORNELL ET AL.

1. **Practice:** APPEAL IN EQUITABLE ACTIONS: CERTIFICATE OF EVIDENCE. Under chapter 145, laws of 1878, the evidence in equitable actions appealed to the Supreme Court should be certified by the trial judge during the term at which the trial took place, or the succeeding vacation. Where the certificate was not made until the second term after the trial, and then by the successor of the judge who heard the cause, it was held insufficient.

*Appeal from Van Buren District Court.*

THURSDAY, SEPTEMBER 23.

THIS is an action in equity by which it is sought to compel the defendant Hannah Cornell to convey certain real estate to the plaintiff, upon the alleged ground that he is the equitable owner thereof. There was a decree in the court below dividing the land between the said parties, and charging the same with the payment of a certain sum of money to one James Ogle. Said Ogle had before the commencement of this action instituted a suit to recover an interest in said land, and the two actions were consolidated by an order of.

the court. The cause was tried at the August term, 1878, of the District Court. The testimony of some two or three witnesses was in the form of depositions. All the other witnesses were examined in open court, and their testimony was taken in short-hand. The cause was taken under advisement by Hon. J. C. Knapp, the judge of said court, to be decided in vacation. The decree was filed November 7, 1878. The official term of the presiding judge expired on the first day of January, 1879, and Hon. E. L. Burton, the present incumbent, entered upon the duties of said office.

At the January term, 1879, the plaintiff filed a motion for a new trial, which motion was supported by affidavits. The motion was submitted to the court, and taken under advisement to be decided in vacation.

At the August term, 1879, the court filed its decision, overruling the motion for a new trial. The plaintiff perfected an appeal from the decree on the 9th day of March, 1879, and on the 18th day of August, 1879, he served upon defendant's attorney a notice of appeal from the order overruling the motion for a new trial. No notice appears to have been served upon the clerk of said court.

*Trimble & Baldwin,* for appellant.

*D. C. Beaman,* for appellees.

ROTHROCK, J.—I. Counsel for appellees makes the question that the plaintiff is not entitled to a trial *de novo* in this court. In this we think he is correct. The only appeal of which we have jurisdiction is that taken from the decree. The appeal from the order overruling the motion for a new trial was not perfected—no notice having been served upon the clerk of the District Court. The decree was filed November 7, 1878, and appeal taken March 9, 1879. August 18, 1879, Hon. E. L. Burton, judge, made his certificate to the evidence which was introduced upon the trial.

1. PRACTICE: appeal in equitable actions : certificate of evidence.

Chapter 145, Acts of 17th General Assembly, provides as follows: "But in equitable actions wherein issue of fact is joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions, or either party, at pleasure, may take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge in term or vacation, be made a part of the record, and go, on appeal, to the Supreme Court, which shall try the case anew."

This cause was tried at the August term, 1878. The Act of the 17th General Assembly was then in force. Whatever may be thought of its application, as to the method of trial of pending actions, there can be no doubt that the final part of the act, requiring the judge to certify the evidence in term or in vacation, applied to actions pending, because it is a mere regulation prescribing the manner of authenticating the record for appeal to this court, and in no manner changes the method of trial in the court below. The certificate was not only not made at the term at which the cause was tried, nor in the next vacation, nor was it made by the same judge who tried the cause, but by his successor in office.

We think this was clearly insufficient. The statute, in fixing the time within which the certificate must be made, does not provide that it may be done at any term of the court, nor in any vacation. The fair construction of it is that it must be made at the term at which the cause is tried, or in the vacation succeeding that term. Any other construction would enable a party appealing for mere delay to unreasonably postpone the trial, upon appeal, in this court. There is nothing inconsistent in the rule here announced with *Schmeltz v. Schmeltz*, 52 Iowa, 512. It is there determined that the right to a trial in a manner secured by statute is not taken away by the repeal thereof. In this case the certificate of the judge to enable a party to appeal in no way affected the manner of the trial. Indeed, we think if section

2742 of the Code, for which the Act of the 17th General Assembly is a substitute, were still in force, the certificate in this case would be insufficient, because not made by the trial judge, nor in reasonable time.

II. Appellant has assigned error, but as the evidence has not been preserved by bill of exceptions, prepared and signed within proper time, there is nothing before us to determine, as all the material errors alleged pertain to the evidence upon which the decree is founded. See *Gibbs v. Buckingham*, 48 Iowa, 96.

AFFIRMED.