## CROSS v. THE B. & S. W. R. CO. ET AL.

1. **Practice in the Supreme Court:** CERTIFICATE TO EVIDENCE. A certificate to the evidence, signed by the trial judge after his term of office has expired, will be disregarded; but where it appears that the cause was submitted on depositions and documentary evidence, and the clerk certifies that the depositions and papers on file are contained in the record, it is sufficient, even if not certified until a term of court has intervened.

2. ———: ABSTRACT: EVIDENCE. Where the evidence consisted of depositions and papers on file, and the abstract stated: "This is all the evidence in the case," it will be sufficient in the absence of a showing that it was not correctly abstracted, or that other evidence was offered or received.

3. ———: REPEAL OF STATUTE: TRIAL. Where new or additional pleadings are filed in a case, after the repeal of a statute in force when the case was commenced, the trial should be had in accordance with the statute in force at the time the new issues were joined.

4. **Railroads:** VENDOR'S LIEN. Two railroad companies were consolidated, the consolidated company to own all the property and assume all the debts of either company, and to issue stock to persons entitled thereto in either company. Plaintiff, who was a stockholder in one of the companies prior to the consolidation, and, as such, had an interest in its right of way, which passed to the consolidated company and over which said company operated its road, brought suit upon notes given him by the new company for his interest in the former company, claiming a vendor's lien on such right of way. *Held*, that these facts did not entitle him to a vendor's lien.

*Appeal from Van Buren Circuit Court.*

TUESDAY, APRIL 18.

ACTION in equity. In the original petition the plaintiff asked a vendor's lien on real estate of the defendant, for certain indebtedness due by the Iowa and Missouri State Line Railroad Company. From the decree giving the plaintiff the relief asked there was an appeal, and it was reversed. See 51 Iowa, 683, for a more particular statement of the issues. After the cause was remanded to the Circuit Court, the plaintiff filed the following amendment to the petition:

"1.    Plaintiff states that the lands and interests described

in his original petition were *sold* by *him* on the . . . . day of . . . . ., 186 ., to the Iowa and Missouri State Line Railroad Company for a stipulated sum, but payment has never been made by said company.

"2. That after said sale, and about the year 1870, said Iowa and Missouri State Line Company became the owner of certain right of way, grades, embankments, etc., in the nature of, and being a railroad in all, except the rails, ties, rolling-. stock, and was intending to build and operate a railroad thereon, but was unable to prosecute said work further by reason of a lack of means, and said company became reduced to a few individuals, of whom plaintiff was one, and was also a director of said company.

"3. That about the 18th day of February, 1870, said company was consolidated or united with the defendant, the Burlington and Southwestern Railway Company, and by the terms of such consolidation, all property and assets of said Iowa and Missouri State Line Company passed to, and were assumed by the Burlington and Southwestern Railway Company, and said company assumed the debt due plaintiff for the lands and interests aforesaid, including his interest as a member of said Iowa and Missouri State Line Railroad Company, in its rights, privileges, franchises, and partially completed railroad aforesaid.

"4. That about July 28, 1871, said Burlington and Southwestern Railway Company, by agreement with plaintiff, and for payment or settlement of his said claim against, and interest in, said Iowa and Missouri State Line Railroad Company, and in said consolidated company, and in payment for certain sums due him for labor and services performed for said Iowa and Missouri State Line Company, made to him the payments, and executed the promissory notes set out in his original petition, and thereafter built its road upon said uncompleted line of said Iowa and Missouri State Line Railroad Company, and situated in sections 35, 3, 34, 34, 33, 34, 35, 32, 31 and 6, in township 67, north, range 8 west. Also, in sections 1,

2, 11, 10, 9, 8 and 7, in township 67, north, range 9 west, in Van Buren county, Iowa, from the Des Moines river opposite Farmington, in a southwesterly direction, through the townships of Farmington and Vernon in said county, and over which said Burlington and Southwestern Railway now operates its road."

By reason of the foregoing allegations a vendor's lien was asked. To the amended petition the following answer was filed:

"1. Defendants deny that said Iowa and Missouri State Line Railroad Company ever sold to said Burlington and Southwestern Railway Company any of the real estate named in petition or amendment, in any such sense that either plaintiff or said railway company were entitled to a vendor's lien; that the transaction upon which said claim is based was a consolidation or amalgamation of the two companies, and not a sale or purchase within the ordinary acceptation of that term, as will appear by the articles of consolidation on file, and made part hereof. Wherefore, defendants say, that under said articles neither party could have a vendor's lien.

"2. Defendants further say, that at the time said articles of consolidation were entered into, plaintiff was an officer of said Iowa and Missouri State Line Railroad Company, and was present and took part in the negotiations and assented thereto, and at the time made no claim, and gave no notice of any, to a lien on any portion of the property, and said Burlington and Southwestern Railway Company, and its officers and agents, had no knowledge of such claim, and acted on the belief and representation of the officers of the Iowa Missouri and State Line Company, that there was no lien or incumbrance on the same, and defendants now say that said plaintiff is estopped from asserting such claim."

There was a decree for the plaintiff and the defendants appeal.

*P. Henry Smyth & Son*, for appellants.

*David C. Beman*, for appellee.

SEEVERS, CH. J.—I. The appellee insists the evidence has not been properly certified, that all of it is not before the court, and he moves to strike out certain certificates of the judge and clerk, because not made in time, and for other reasons. These matters will be first considered. The certificate signed by the trial judge, after his term of office had expired, will be disregarded and the motion as to it sustained. The said judge while in office signed a certificate stating "this cause was submitted upon a written stipulation of the parties to be heard upon depositions and documentary evidence on file in this cause, and that no oral testimony was introduced by either party, and the cause was tried by the court wholly upon written evidence on file in the record." The abstract states the clerk certified to the evidence, and the appellants insist this is sufficient, because the evidence consisted wholly of depositions and documents which were on file. It is provided by statute, "In an action by equitable proceedings, tried upon written testimony, the depositions and all papers which were used as evidence are to be certified, * * * not by transcript, but in the original form." Code, § 3184.

*1. PRACTICE: certificate to evidence.* [margin note]

This section is the same as section 3512 of the Revision and it was held in *Baldwin v. Tuttle*, 23 Iowa, 66, the certificate of the clerk under his official seal, that the depositions and papers used as evidence on the trial in their original form, were contained in the record, transmitted to this court, was sufficient. The same rule should prevail now, unless section 3184 of the Code has been repealed. We do not understand it to be claimed this has been expressly done, but it is insisted it has been repealed, by implication, by chapter 145 of the acts of the 17th General Assembly, which provides that equitable actions shall be tried on oral evidence taken down at the trial in writing, or in the form of depositions, and that "all the evidence so taken shall be certified by the judge in term or vacation, be made part of the record, and go on appeal to the

Supreme Court, which shall try the cause anew." Miller's Code, § 2742. When oral evidence is introduced at the trial it can only be certified by the judge. Until this is done it does not become a part of the record. It is true it is provided all the evidence shall be so certified. But this does not repeal section 3184 of the Code or conflict therewith. When the evidence consists of depositions and papers on file either the judge or clerk may certify the same to this court. Both sections, therefore, may stand and have force and effect.

II. The abstract states the evidence was certified to by the clerk, and the abstract filed by the appellees states the certificate was made by the clerk, after a term of court had intervened after the cause was decided. It is said the judge must certify to the evidence during the term or next vacation, and the argument is, if the judge cannot make a certificate after the intervention of a term, the clerk cannot do so. The rule as to within what time the judge must certify is based upon a construction of section 2742 of Miller's Code. *Cornell v. Cornell*, 54 Iowa, 366. But there is no such limitation on the power of the clerk. Nor should there be, for he can certify only to the record after it is prepared for transmission to the Supreme Court, and frequently at least a term has intervened before this is done.

III. At the conclusion of what purports to be the evidence, the abstract states: "This is all the evidence in the case." The abstract filed by the appellees states: "The abstract does not contain all the evidence offered, nor all introduced on the trial, nor is that which it does contain correctly abstracted." But the appellees fail to set out any additional evidence, or show wherein it is not correctly abstracted. It is urged the statement "this is all the evidence in the case" is not sufficient, because there may have been evidence offered which was not admitted. But the judge certified all the evidence consisted of depositions, and documentary evidence on file in the record, and the clerk has certified the evidence on file and of record to this court. Now

the abstract states all the evidence is contained therein. In the absence of any showing to the contrary, this is sufficient.

IV. We understand it to be insisted there cannot be a trial anew in this court, because no motion was made at the proper 3. ———:repeal time for a trial on written evidence, as provided of statute: trial. in section 2742 of the Code. This cause was commenced when that section was in force, and upon the ground above stated, it was held on the former appeal there could not be a trial *de novo* in this court. When the cause was remanded a repleader was ordered, if the parties should be so advised. New or additional pleadings were accordingly filed. At that time section 2742 had been repealed. We think the trial should be had in accordance with the statute in force at the time the new issues were joined. To all intents and purposes a new case was to be tried.

V. There is no evidence tending to show the plaintiff sold the defendant any real estate or anything else, except as 4. RAILROADS: follows: The plaintiff testifies: "I was the vendor's lien. owner of an interest in the lands described in the petition. The interest I owned in the lands * * * was my rights as a stockholder in the Iowa and Missouri State Line Railroad Company, which company owned the right of way across these lands. They had partially constructed a road-bed and earthworks for a railroad thereon. I sold my interest in the land to the Iowa and Missouri State Line Company, of which I was a director. The State Line Company subsequently became reduced to a few individuals, of which I was one, and finally became defunct and died out. The Burlington and Southwestern Railway Company purchased lands and interest of us." The only interest the plaintiff had in the lands was such as he possessed by reason of being a stockholder in the State Line Company. Such interest was purchased by the Burlington Company. Individually, the plaintiff had nothing to sell except his interest, which consisted of stock in the State Line Company. It is difficult to see how a sale of his stock would entitle the plaintiff to a vendor's lien. The real transaction

between the two companies and the plaintiff was as follows: The two companies were consolidated, and in the articles of consolidation, it was provided all contracts made by either company were assumed by the consolidated company, and stock was to be issued to persons entitled thereto in either company. As a stockholder in the State Line Company the plaintiff was entitled to stock in the consolidated company, and nothing more. If it be concluded he is entitled thereto now, this would not give him a vendor's lien. But the evidence shows the notes sued on, and on which the lien is claimed, were given for stock in the consolidated company which he sold to the defendant company. Clearly we think this would not entitle the plaintiff to a vendor's lien on the real estate of the defendant.

