JAMES TEAGUE, Appellant, v. JOHN FORTSCH, *et al.*

**Appeal:** CERTIFICATION OF RECORD. Under Code, section 2742, requiring all evidence on appeals in equitable actions, to be certified by the judge, a certificate made by the judge after he has retired from office is insufficient.

SAME. Under Code, section 2742, the certificate must be made by the judge who tried the case, and one made by his successor in office is insufficient.

JUDGE AND CLERK. Code, section 2742, requires all evidence on appeals in equitable actions, to be certified by the judge. Section 3184, provides that, in equitable actions tried upon written testimony, all depositions and papers which were used as evidence, are to be certified, not by transcript, but in the original form. *Held*, that the certificate must be by the judge, notwithstanding the case was tried on written testimony alone; the office of the clerk's certificate, under section 3184, being merely to identify and authenticate the record. *Cross v. Railway Company*, 58 Iowa, 65 (12 N. W. Rep. 71), overruled. *Ruge v. Hahn*, 75 Iowa, 734 (38 N. W. Rep. 389), *followed*.

*Appeal from Fayette District Court.*—HON. W. A. HOYT, Judge.

MONDAY, APRIL 13, 1896.

APPELLEES, Mary H. Teague and Lewis Mohlis, are the administratrix and administrator of the estate of Thomas Teague, deceased, and appellee Fortsch, is the purchaser of the real estate sold by them, as hereinafter stated. Appellant, on September 29, 1891, filed a claim against said estate, which was allowed, on April 7, 1893, in the sum of two thousand, one hundred and seventy-three dollars and fifty-six cents. He also held a claim against said estate, by assignment, in favor of Fred Teague, for one thousand two hundred and forty-five dollars. The deceased, Thomas Teague, left surviving him, his widow, Mary H. Teague, the

administratrix aforesaid, and his daughter, Elizabeth H. Teague, as his only heirs at law. In September, 1892, an order was entered by the district court of Fayette county, Iowa, authorizing said administrator and administratrix to sell all of the real estate left by decedent, except such as had been set off to the widow, for the payment of debts, including those held by plaintiff. Under the order, the real estate might be sold at either public or private sale. Notice of the application for an order for the sale was served only on said widow and daughter of the deceased. The land was duly appraised at three thousand seven hundred and fifteen dollars, and sold to the defendant Fortsch, at private sale, for three thousand seven hundred and twenty-five dollars, and an administrator's deed, in the usual form, executed to him. A report of this sale was made to the court, and the sale and deed duly approved. The proceeds arising from the sale will not pay over sixty per cent. of the amount of the claims filed against the estate. May 11, 1893, plaintiff filed his petition to set aside said sale and deed, as being fraudulent and void, as against the creditors of said estate, and because the consideration was grossly inadequate. The defendants answered, denying all allegations of fraud and allegations that the value of the land was greater than the amount they had sold it for. At the conclusion of the trial, the court dismissed plaintiff's petition, and entered a decree against him for costs.—*Affirmed.*

*J. E. Cook* for appellant.

*Ainsworth, Hobson & Ainsworth* for appellees.

KINNE, J.—I. We first consider appellees' motion to strike the evidence and to dismiss the appeal, or to affirm the decree entered below, because said evidence

has not been certified as required by law. This cause was tried below by the Honorable W. A. Hoyt, then one of the judges of the thirteenth judicial district of Iowa. His term expired on January 1, 1895. December 22, 1894, Judge Hoyt determined said cause, and entered a decree dismissing plaintiff's petition. Within the time provided by law, a certificate was filed in said cause by Judge L. E. Fellows, of said thirteenth district, reciting fully and particularly all of the evidence introduced upon said trial, and identifying the same, from which it appears that the cause was tried upon certain depositions, and other written evidence, and that no oral evidence was introduced upon said trial. Said certificate closes as follows: "All of which papers are now on file with the clerk of the district court of Fayette county, Iowa, as part of the records of said cause; the same being all the evidence offered, or introduced, in said cause, upon the trial thereof, and upon which the decision and decree of the district court was rendered. On strength of certificates and affidavits hereto appended, I sign this certificate. Dated May 13, 1895. L. E. Fellows, Judge of the Thirteenth Judicial District." The certificates and affidavits mentioned by Judge Fellows are as follows: A certificate of the clerk of the district court, dated May 9, 1895, in which he states that this cause was, by order of the court, tried on evidence taken in the form of depositions; that no evidence was offered, or introduced, in the trial of said cause in open court, and that all of the evidence offered, or introduced, in the trial of said cause, is described and identified in the certificate signed by Judge Fellows; and that all of said evidence is now on file in his office, and has been since and before the cause was submitted to the trial judge. W. A. Hoyt certifies, as of the same date, that his term of office as judge of the thirteenth judicial district

expired on January 1, 1895; that said cause was tried, by order of said district court, on written depositions, and no evidence was introduced in open court; that said cause was decided by him on December 22, 1894, and before his term of office expired; and that the evidence embraced in the certificate signed by Judge Fellows, is all of the evidence offered, or introduced, on the trial of said cause, and was duly filed in the office of said clerk before the cause was submitted to him. J. E. Cook, the attorney for plaintiff, swears that the certificate signed by Judge Fellows embraces all of the evidence offered and received in the trial of said cause; that Judge Hobson, one of the present judges of the Thirteenth judicial district of Iowa, was, and is, one of appellees' attorneys, and L. E. Fellows is the other judge of said judicial district. From this state of facts, and the record and evidence, we are to determine whether or not the evidence is legally and properly certified to in this court, so that the cause may be here tried *de novo*. As Judge Hoyt was out of office at the time he made his certificate, it is clear that it is without force and effect. Section 2742, of the Code, requires that the certificate be made by the judge. We have often held that such certificates, made by a judge, after he has retired from office, cannot be considered. *Cross v. Railroad Co.*, 58 Iowa, 65 (12 N. W. Rep. 71); *Educational Inst. v. Coad*, 74 Iowa, 711 (39 N. W. Rep. 94); *Burnett v. Loughridge*, 87 Iowa, 327 (54 N. W. Rep. 238). Neither can the affidavit of the attorney be considered as in any way tending to show a compliance with the statute, as the law nowhere authorizes such an affidavit for the purpose of showing that the evidence was properly certified. It may be conceded that the certificate of Judge Fellows, in form, is in compliance with the requirements of the statute; that is, if he was authorized, under the law, to make such a certificate, it sufficiently

identifies the evidence which was used upon the trial.
It is said that this court has never decided that the
certificate must be made by the trial judge, and it is
insisted that as the statute reads, "certified by the
judge," its demands are answered by a certificate made
by any judge of the district.    In *Educational Inst. v.
Coad, supra,* we said that the statute "would seem to
contemplate that the certificate must be made by the
judge who tried the case."    But the question was not
expressly ruled in that case.    In *Runge v. Hahn,* 75
Iowa, 734 (38 N. W. Rep. 389), it is said that the stat-
ute requires the trial judge, in equitable actions, to
certify all the evidence introduced upon the
trial.    We do not think that the requirements
of the statute are met or complied with by a
certificate made by a successor in office of the judge
who tried the case.    The purpose of this requirement
of the law, as is said in *Runge's Case,* is to "secure such
identification of the items of evidence, offered and
introduced upon the trial, that no question can fairly
arise, upon appeal, as to what the evidence is."    How
can a judge, who did not try the case, certify, with
any degree of certainty, as to what items of evidence
were introduced before his predecessor?    Take this
case, and let it be admitted that all of the evidence
was in the form of depositions, or other written evi-
dence, and that it is on file in the clerk's office.    Because
depositions have been taken in a given case, it does
not necessarily follow that they were actually used in
the trial of the case.    The certificate of Judge Fellows
shows that, outside of depositions, sixteen different
items of written evidence were introduced upon the
trial, consisting of deeds, reports, records of approval
of them, claims, and record of their allowance, ver-
dicts, judgments, petitions, notices, bonds, appraise-
ments, and other papers and records.    Now, Judge
Fellows, so far as this record shows, could have had

no knowledge whatever as to whether any of these depositions, papers, and records were in fact put in evidence, except as he presumed it from their being on the files of the case, or as he obtained it from the certificate of the clerk, or from that of his predecessor. Surely, it would tend to greater certainty, in such cases, to receive and rely upon the certificate of the judge who had tried the case and gone out of office, because he could speak with certainty as to what the evidence adduced before him in fact was, but we have properly held that such a certificate is not to be considered. We think that the law clearly contemplates that the judge who tried the case should make the certificate, and that he must do so while still in office. If a successor of the judge who tried the case may thus certify as to something of which he has no actual knowledge, there is no reason for limiting the right to a successor, for any judge in the state would be equally well qualified. Under the law and the construction which this court has heretofore placed upon it, it works no hardship to require that the manifest intent of the statute be complied with, and the proper certificate be made by the trial judge. We are, therefore, of the opinion that the certificate of Judge Fellows is not in compliance with the statute, and hence cannot be considered. See Acts Nineteenth General Assembly, chapter 35, section 2.

II. It is urged that, as this cause was, by consent of parties, tried upon written evidence, there was no necessity for a certificate of the judge; that, when the depositions were filed in the clerk's office, they became a part of the record in the case, just as much so as the pleadings; and that in such a case all the evidence may be certified by either the clerk or judge. It may be conceded that the certificate of the clerk in this case is in form and substance

sufficient, if any certificate by the clerk can be said to be a compliance with the provisions of the statute. In view of some of the decisions of this court, this question is not free from difficulty. In March, 1878, section 2742 of the Code was repealed, and the following, enacted in lieu thereof, took effect: "But in equitable actions, wherein issue of fact is joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions, or either party, at pleasure, may take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge *in term or vacation*, be made a part of the record and go on appeal to the supreme court, which shall try the case anew." Acts Seventeenth General Assembly, chapter 145. The Nineteenth General Assembly repealed the above provision, and enacted in lieu thereof, a provision of the same tenor, and, except in one or two immaterial respects, in the same language, except that the italicized words were left out, and in lieu thereof the following appears: "At any time within the time allowed for the appeal of said cause, and." This act went into effect by publication in March, 1882, and has not since been changed. McClain's Code, section 4414 (section 3184 of the Code), reads: "In an action by ordinary proceedings, and in an action by equitable proceedings, tried in whole, or in part, on oral testimony, all proper entries made by the clerk, and all papers pertaining to the cause and filed therein, except subpœnas, depositions, and other papers which are used as mere evidence, are to be deemed part of the record. But in an action by equitable proceedings, tried upon written testimony, the depositions and all papers which were used as evidence, are to be certified up to the supreme court, and shall be so certified, not by transcript, but in the original form. *

* *" This section is the same, in substance, as section 3512 of the revision of 1860. Under section 3512 of the revision, it seems to have been considered that when a case had been tried upon written evidence and depositions, and all papers used in evidence properly certified by the clerk, no certificate by the judge was necessary. *Baldwin v. Tuttle*, 23 Iowa, 71. In *Cross v. Railroad Co.*, 58 Iowa, 65 (12 N.W. Rep. 71), it appeared that there was no certificate of the judge, but the cause had been tried upon written ·evidence. It was held that the certificate of the clerk was all that was necessary to entitle the parties to a trial *de novo* in this court. It was held that the Act of the Seventeenth General Assembly, then in force, did not operate to repeal section 3184 of the Code, and that, when oral evidence was introduced at the trial, it must be certified by the judge, but when the evidence consisted of depositions, or other papers, on file, either the judge or clerk might certify the same to this court; thereby both sections of the statute were given effect. In *Runge v. Hahn*, 75 Iowa, 734 (38 N. W. Rep. 389),—an equitable action,—it was held that section 2742 of the Code, as amended by chapter 35, Acts Nineteenth General Assembly, required the trial judge to certify all the evidence offered and introduced upon the trial. It was also said that the object of that provision was to identify the evidence offered or introduced upon the trial, and that the certificate of the judge "cannot, in the matter of identification, be supplemented by the certificate of the clerk. The office of the certificate of the clerk required by section 3184, since the enactment of chapter 35, Acts Nineteenth General Assembly, is to identify and authenticate the record. Before that enactment, depositions and other papers used merely as evidence were not deemed part of the record, and could be identified by the clerk's certificate, but its effect clearly is to change that rule. *Cross v.*

*Railroad Co.*, 58 Iowa, 63 (12 N. W. Rep. 71), arose before its enactment, and it is not now an authority on the question." We are unable to see why the *Cross Case* was not as good authority under the act of the Nineteenth General Assembly, as prior thereto. It would seem that the writer of the opinion in *Runge's Case*, must have overlooked the fact that the only effect of the act of the Nineteenth General Assembly was to fix a definite time within which the judge must certify the evidence. If the rule was changed as is held in *Runge's Case*, it was done as early as the Act of the Seventeenth General Assembly took effect, and it was in force when the *Cross Case* was decided. It seems to us that it is not possible to reconcile the holdings in these two cases. We incline, however, to the opinion that the rule adopted in *Runge's Case* is the better one, and that the two sections may both stand, — section 2742, as amended, requiring that in all equity causes triable *de novo* in this court, the judge shall certify the evidence, whether it be taken orally, or in the form of depositions, or other written evidence, and that the office of the certificate of the clerk, under section 3184, is to identify and authenticate the record. It must be apparent that no one, save the judge trying the case, can always know just what writings, or depositions, were offered, or received, as evidence in the case. We conclude, therefore, that the two sections of the statute under consideration are properly construed in *Runge's Case*; and, in so far as the *Cross Case* is in conflict with the views herein expressed, it is overruled.

As the evidence has not been properly certified, we cannot consider the case on its merits. The motion to strike the evidence is sustained, and the judgment below is AFFIRMED.