L. A. ANDREW, State Superintendent of Banking, Appellee, v.
FARMERS TRUST & SAVINGS BANK OF POCAHONTAS
et al., Appellants.

DECEMBER 14, 1928.

*Kelleher & Mitchell, A. J. Shaw, J. M. Berry, Hudson &
Hudson,* and *Robert Healy,* for appellants.

*John Fletcher,* Attorney-general, and *Gilchrist & Gilchrist,*
for appellee.

MORLING, J.—The petitions of intervention and claims for preference, according to the motion, were tried *seriatim*, September 10 to October 12, 1926. Decrees in favor of interveners were  entered March 8, 1927, to August 15, 1927. The motion for certification of the shorthand reporter's notes, which is the subject of this appeal, was filed January 24, 1928, and granted February 9, 1928, nearly 16 months after the last trial, and nearly 6 months after the last decree was entered. From the testimony of the trial judge, reporter, and clerk, it appears that a shorthand report of the trial of each of the claims and petitions of intervention was made by the official shorthand reporter. At the conclusion of the first one of the trials, the reporter made out a certificate for his notes in regular form, tendered it to the judge for signature, and was told by the judge (as the judge testifies) that there were a number of claims to be heard, and that it would be useless to attach a certificate; ''that he should keep the shorthand notes together, and when we had finished the hearing upon all these claims, we would attach one certificate to the shorthand notes taken with reference to all of these claims, and they would all be filed in the case,'' No. 6775, *L. A. Andrew, Receiver, v. Farmers Trust & Savings Bank.*

''I think one or two of them had commenced a separate action, and been docketed separately, and the stipulation and order was that they should all be considered in the nature of petitions of intervention in this main receivership case, and I think all of the attorneys so understood it, and the cases were tried in that way, to avoid repetition of the introduction of the books of the bank, and evidence of that character.''

The offered certificate was not signed, but was destroyed. The clerk did not have blank form for certificates. The reporter intended to obtain proper forms from his home county, but forgot about it. If we understand the record correctly, each set of notes was captioned in the proper claim in longhand. All were deposited with the clerk, who placed upon each set his filing stamp, properly dated and signed by him. Each set of notes was placed in a separate folder, on which the title of the claim to which it belonged was indorsed. These folders were placed in a larger folder, which was properly entitled in the

main case with its number. Thus assembled, the notes were by the clerk put in a locked receptacle in his office, and remained there until October 3, 1927, when, on an order of the judge authorizing their delivery to the reporter, the reporter took them, for the purpose of making transcript. Transcript evidently was made, but whether, when, or how certified or filed, does not appear from this record.

The clerk's docket was not offered in evidence. The clerk, over interveners' objections, read the docket entries, made, as we understand, not in the appearance docket section, but in the fee bill part of the combined docket in the main case, entries under the proper dates showing the filing of the shorthand reporter's notes in each claim and fee therefor. The evidence on this subject is not clear, but the clerk interpreted the entries as showing the filing of shorthand notes in each claim. We need not pause to discuss this matter; for the duty was that of the clerk, purely ministerial, and litigants should not be prejudiced by technical insufficiency of performance. (Authorities post.) The record does not show demand or order for official report of the trials, but the judge testifies that:

"The reporter has a general instruction from the court that in all of these cases he is expected to take the complete record, and it is the usual custom, and up until this present complaint was raised, I supposed it had been the universal and unfailing custom, of this court to have those certificates filled out and signed by the reporter and the court, and attached to the shorthand notes; and until this question was raised, during the present month of January, 1928, I was fully satisfied that such certificate accompanied these shorthand notes * * * That is the custom in this court with reference to all cases, without a special order to take and making a complete record."

No certificate of either judge or reporter was attached to any set of notes, nor to the notes as an entirety. On February 9, 1928, the application for certification was sustained, and certificates in proper form signed by the judge and reporter, and ordered attached.

It will be impracticable within reasonable limits to notice all of the points made in the elaborate and exhaustive arguments of 176 pages presented by the able counsel herein.

We have preserved in this jurisdiction the ancient distinction between the method of appellate review in suits in equity and that in actions at law, except that proceedings in suits in equity may, on proper rulings and exceptions, be brought here on errors assigned, as well as for trial *de novo*. With very few exceptions, however, suits in equity are appealed for trial *de novo*. The main case under consideration was in equity, and the receiver's appeal was taken for trial here *de novo*. A bill of exceptions is the method used in courts of law for setting forth and making in the trial court for the appellate court a record of the objections, rulings, and exceptions had in the trial court, with the evidence necessary to present the law of the case. 1 Words & Phrases 783 *et seq.*; 1 Idem (2d Series) 442 *et seq.*

There is a plain distinction between certification of evidence in an equity case and bill of exceptions, though, so far as preservation of evidence is concerned, to the extent necessary, they serve the same purpose. *Railway P. & F. C. M. A. & B. Assn. v Leonard*, 166 Ill. 154 (46 N. E. 756); *Yott v. Yott*, 257 Ill. 419 (100 N. E. 902).

"A bill of exceptions is altogether unknown in chancery practice * * *." *Ex parte Story*, 12 Pet. (U. S.) *339, *343.

As has been noted, under our practice errors at law in chancery causes may be brought up for review, but when that is done, the cause in the appellate court assumes the substance of one at law, appealed for correction of errors. The distinction, however, between suits in equity and appeals therein and actions at law and proceedings in error, not only as to the method of review, but as to the method of making the record and presenting for review the questions upon which the appellant desires the judgment of the appellate court, is fully preserved, though we make more or less use of the terminology "bill of exceptions" in denoting certification and making of record the evidence in equity cases.

The Code of 1924 is (except as it embodies codifying acts of the fortieth extra general assembly) a compilation only. It was not, as a Code, enacted by the legislature. Pursuant to legislative authority then existing, laws were edited by rearranging, in many instances, and dividing the sections of the Code of 1897 and of later legislation. To find the law in the form in which it

was actually enacted, we are compelled to go to the Code of 1897 and to the laws subsequently passed.

Sections 3651 and 3652, Code of 1897 (Code of 1924, Sections 11430, 11431, 11432, 11433),—the latter as amended in 1906, Code Supplement, 1913, Section 3652,—read as follows:

"All issues of fact in ordinary actions shall be tried upon oral evidence taken in open court, except that depositions may be used as provided by law; and, upon appeal, no evidence shall go to the Supreme Court except such as may be necessary to explain any exception taken in the cause, and such court shall hear and try the case only on the legal errors so presented." Section 3651, Code of 1897.

"In equitable actions wherein issues of fact are joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions, or either party may, at pleasure, take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge at any time within six months after the entry of a final decree, and the evidence and certificate be made a part of the record, and go on appeal to the Supreme Court, which shall try the cause anew. But this section shall be so construed as to include the evidence taken in shorthand, when the reporter's notes of such evidence have been certified to by the judge and reporter within the time herein provided." Section 3652, Code Supplement, 1913.

The method of presenting errors for review (as well as the distinction from chancery review *de novo*) is provided by Section 3749, Code of 1897 (Code of 1924, Sections 11536, 11537, 11538, 11539, 11540, 11541), as follows:

"Sec. 3749. An exception is an objection, taken to a decision of the court, or person acting as the court, on a matter of law. The party excepting to the decision must do so at the time it is made, unless it is upon a motion or demurrer, in which case it may be taken within three days. It may be embodied in a bill of exceptions to be filed within 30 days after the final determination of the case, or within a reasonable time thereafter, to be fixed by the court, not to exceed 90 days therefrom. In equitable actions, triable *de novo* on appeal, no bill of exceptions shall be necessary, nor in other actions in which all the proceedings are,

under the direction of the court, taken in writing or shorthand by the regular court reporter, or another appointed by the court or judge for the purpose, and embodied in a report by such reporter, certified by him and the court or judge, in the manner provided in this chapter for making and certifying such report. This section shall not be so construed as to prevent any party embodying in a bill of exceptions all or any part of the proceedings in any action in which he may elect to preserve his exceptions in that form. And whenever the judge or referee trying a cause is unable by reason of death, removal, resignation or any cause to sign a bill of exceptions, or certify the shorthand reporter's record, the same shall be done by his successor, and the time for such signing or certification shall be extended 30 days after the appointment or election and qualification of such successor."

None of these sections was disturbed by the fortieth extra general assembly except Section 3652, which by the codifying act was amended, and by the editor separated into two sections, and altered to read as follows (as separated):

"11432. In actions cognizable in equity, wherein issues of fact are joined, the court may order the evidence or any part thereof to be taken in the form of depositions, or either party may take depositions as authorized by law, and shall be entitled to a continuance to the second term for that purpose."

"11433. The evidence in actions cognizable in equity shall be presented on appeal to the Supreme Court, which shall try such causes anew."

As will be seen, prior to the Acts of the Fortieth Extra General Assembly, all the evidence in equitable actions was required to be certified within six months after the entry of final decree, but the six months' limitation was eliminated by the codifying act.

The appellants claim that, notwithstanding (or resulting from) this amendment, the evidence in an equitable cause must be embodied in a bill of exceptions, according to Section 11538, within 30 days after the final determination of the case, or within a reasonable time thereafter, not to exceed 90 days; or alternatively (if we understand counsel correctly), the record must be completed, and certification made of the evidence at the

term at which the case in the lower court is tried and determined, or within a reasonable time thereafter. It is not disputed that certification of the shorthand reporter's notes by the judge and reporter is essential, to make them matter of record. The question is, When must this be done, in order that the evidence incorporated in the notes may be considered by this court on appeal?

Appellants contend, also, that failure to ask for an order to take the evidence in writing or to demand a certification of the oral evidence "is a waiver of appeal."

The history of the legislation above set out becomes important.

Sections 2741, 2742, Code of 1873, which was an enactment of the legislature, read as follows:

"Sec. 2741. All issues of fact, whether ordinary or equitable, shall be tried upon oral evidence taken in open court, except that depositions may be used as now provided in an action by ordinary proceedings; and, upon appeal, no evidence shall go to the Supreme Court, except such as may be necessary to explain any exception taken; and such court shall try only the legal errors duly presented."

"Sec. 2742. But in equitable actions, other than actions to foreclose mortgages or instruments in writing whereby liens or charges on property are created, not including trusts, to enforce mechanics' liens, or for divorce or nullity of marriages, if any party shall, at any time during the appearance term, move the court for a trial upon the written evidence, the court shall either order all the evidence to be taken in the form of depositions, or shall cause all the evidence offered on the trial to be taken down in writing, to be certified by the judge and made a part of the record according to the requirements of the motion. In either of such cases, all the evidence so taken shall go on appeal to the Supreme Court which shall try the case anew."

By Section 2831, under the head "Exceptions," an exception was defined, objections were required; objections to the decision were required to be made at the time and presented at once in bill of exceptions, unless time, not extending beyond the term, was given. In an equitable action tried on written testimony, no exception was required.

It will be noticed that Section 2742 prescribed no time limit for the certification of evidence in chancery. We have discovered no judicial interpretation of that statute in this respect, except that, in *Cornell v. Cornell*, 54 Iowa 366, which was decided upon the act of the seventeenth general assembly about to be referred to, it was suggested that, under Section 2742, the certificate would have to be made within a reasonable time.

Section 2742 was repealed by Chapter 145, Acts of the Seventeenth General Assembly, and substitute enacted, as follows:

"But in equitable actions wherein issue of fact is joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence or any part thereof to be taken in the form of depositions, or either party at pleasure may take his testimony or any part thereof by deposition. All the evidence so taken shall be certified by the judge in term or vacation, be made a part of the record and go on appeal to the Supreme Court, which shall try the case anew."

It will be seen that by this act the evidence was required to be certified by the judge in term or in vacation. This was interpreted in *Cornell v. Cornell*, 54 Iowa 366, as requiring certification at the term at which the cause was tried, or during the vacation succeeding that term. It was said:

"Any other construction would enable a party appealing for mere delay to unreasonably postpone the trial upon appeal in this court."

The *Cornell* case seems to have been the first one in which time limit was applied, and was stated, in *Cross v. B. & S. W. R. Co.*, 58 Iowa 62, 66, to be "based upon a construction of Section 2742 of Miller's Code [the amended statute]."

In the *Cross* case it was said: "But there is no such limitation on the power of the clerk. Nor should there be * * *."

By Chapter 35, Acts of the Nineteenth General Assembly, Section 2742 and Chapter 145, Acts of the Seventeenth General Assembly, were repealed, and the following enacted in lieu thereof.

"Sec. 2742. But in equitable actions, wherein issue of fact

is joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions, or either party may, at pleasure, take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge at any time within the time allowed for the appeal of said cause, and be made a part of the record, and go on appeal to the Supreme Court, which shall try the cause anew.''

It will be noticed by this amendment that the time limit for certifying the evidence was that allowed for an appeal (six months). The substance was retained in the Code of 1897, Section 3652, which merely changed the language to six months after entry of final decree. By Chapter 155, Acts of the Thirty-first General Assembly, there was added to Section 3652, Code of 1897, the following:

''But this section shall be so construed as to include the evidence taken in shorthand, when the reporter's notes of such evidence have been certified to by the judge and reporter within the time herein provided.''

Going back to the Acts of the Eighteenth General Assembly, Chapter 195, we have the provision that ''the original notice [notes] of any testimony taken in any case shall be filed in the office of the clerk of the court and become a part of the record in said case * * *'' Section 3675, Code of 1897, provided:

''In all appealable actions triable by ordinary or equitable proceedings, any party thereto shall be entitled to have reported the whole proceedings upon the trial or hearing, and the court or judge shall direct the reporter to make such report in writing or shorthand, which shall contain * * * Such report shall be certified by the trial judge and reporter, when demanded by either party, to the effect that it contains a full, true and complete report of all proceedings had that are required to be kept, and, when so certified, the same shall be filed by the clerk and, with all matters set out or identified therein, shall be a part of the record in such action, and constitute a complete bill of exceptions. * * *''

This section, without amendment, is now found in Sections 11456, 11457, Code of 1924.

Appellants argue:

"The six-months certificate by the judge to the evidence is now dispensed with. The certification of the reporter's notes has not been dispensed with * * * If, in a law case, the certificate must be made within 30 days, unless time is extended, evidence orally heard in an equity case, and which can only be preserved in the record in exactly the same manner as if the case was triable by ordinary proceedings, must likewise be certified within the same time."

And counsel refer to Section 11541, Code of 1924. This section, however, is merely the last sentence of Section 3749, Code of 1897, above quoted, which is the last legislative enactment of it, and which should be considered in its entirety, rather than in editorial subdivisions.

The official report of a trial, when properly certified, is made by statute to serve as a bill of exceptions for purpose of review on errors assigned, and to serve as a certification of the evidence for the purpose of trial *de novo* on appeal in equity. The distinction, however, between review on errors assigned and review in equity *de novo*, and between the making up and presentation of the record in the one case by bill of exceptions, and in the other by certification of all of the evidence (though, of course, on errors assigned, it may be that a presentation of all the evidence is necessary, and though, in a chancery case, "bill of exceptions," so-called, may be utilized for making the evidence of record), is preserved. The reason for limiting the time for excepting and for preparing bill of exceptions does not necessarily apply to the authentication of evidence offered on trial in chancery. Exceptions are for the purpose of calling the attention of the court to contention of error and giving the court a chance to review and correct it. 3 Corpus Juris 952 *et seq.* Final judgment or interlocutory or final decrees do not require exceptions. Code of 1927, Section 10949.

Sections 2831 to 2836, inclusive, Code of 1873, under the head "Exceptions," were plainly intended to define exceptions and the time and manner in which they might be taken, preserved, and made of record. They go back, in primitive form, to the Code of 1851. Meanwhile, full reporting of trials by official shorthand reporters came to be a matter of course, and Chapter

195, Acts of the Eighteenth General Assembly, was enacted, amending Sections 181 and 3777, Code of 1873, providing that the original notes of testimony should be filed and become a part of the record, and permitting them or the transcript to be made part of the bill of exceptions by reference. Section 3749, Code of 1897, changed Section 2831, Code of 1873, as to the time within which bill of exceptions might be filed, and changed the provision that, in an equity action tried on written testimony, no exception should be required, so as to provide that, in equitable actions triable *de novo* on appeal (and certain other actions) "in which all the proceedings are, under the direction of the court, taken in writing or shorthand * * * certified by him and the court or judge, in the manner provided * * *," no bill of exceptions should be necessary. The law remained that a bill of exceptions had to be filed within 30 days, but the evidence in a suit in equity certified within six months after decree (Code of 1897, Section 3652). The shorthand report had to be certified by the trial judge and reporter when demanded, as provided by Section 3675. The time depended upon whether the case was to be presented on errors or for trial *de novo*.

The codifying act of the fortieth extra general assembly, Senate File 231, Section 1, was, in effect, a reversion to Section 2742, Code of 1873, which prescribed no time limitation for certification of evidence for trial *de novo*, a statute which as to this point had not been construed. The amendment by the fortieth extra general assembly was enacted in the light of Chapter 145, Acts of the Seventeenth General Assembly, which required the certification at the term, or (as construed) during the next succeeding vacation; in the light of Chapter 35, Acts of the Nineteenth General Assembly, which limited the time to that allowed for appeal; in the light of Section 3652, Code of 1897, which required certification within six months after decree, and which, by amendment (Chapter 155, Acts of the Thirty-first General Assembly), was to be construed so as to include evidence taken in shorthand, when the notes had been certified within six months; in the light of the well known fact that a shorthand report and certification were then the rule, exceptions to which were by special agreement, and rare. The reports of this court disclosed the fact, also, that, since the amendment by the seventeenth general assembly, the matter of time for certifi-

cation of the evidence or of the shorthand reporter's notes or of the transcript was frequently before the court on objection to consideration of evidence, resulting in the defeat of appeals on non-meritorious grounds. 1 Callaghan's Iowa Digest 324 *et seq.* This codifying act was enacted also at the same session at which the time for taking appeal was reduced from six to four months (Code of 1924, Section 12832). If it had been the intention of the legislature to prescribe a time limit for certification of the evidence, it is incredible that the legislature would have simply repealed the time limit then and for many years expressly and clearly provided for, and prescribe no other, or, at the best, leave its intention to apply the entirely distinct provision of Section 11538 to inference and conjecture.

Ordinarily, the power of the court to correct or amend its records as matter of course ceases with the expiration of the term. Sections 10801, 10803, Code of 1924. *Perry v. Kaspar,* 113 Iowa 268. The case presented here, however, is not the correction of a record. It is the making of record proceedings which the court or judge authenticates. In Illinois, the certificate of evidence must be settled and signed at the term, and this is because, even though preserved by bill of exceptions, the evidence is, under their practice, part of the decree. *Bennett v. Bradford,* 132 Ill. 269 (24 N. E. 630).; *Railway P. & F. C. M. A. & B. Assn. v. Leonard,* 166 Ill. 154 (46 N. E. 756); 4 Corpus Juris 381, 385. Our statute authorizes the evidence to be taken in shorthand, under the direction of the court. In this case, that was done. A full report was made, and placed in the archives of the court. No question is raised as to the authenticity or correctness of the reporter's notes here involved, though the present proceeding was upon notice, with full opportunity to be heard. The statute authorizes the court and reporter to certify to the notes, but fixes no time for certification. The purpose of the certification is to identify and authenticate the evidence and make it of record. *Teague v. Fortsch,* 98 Iowa 92, 99; *Runge v. Hahn,* 75 Iowa 733. Authentication is the principal element: If authenticated, we perceive no reason for not making the evidence of record whenever needed for appeal or other purpose. The notes from their nature are not an essential part of the record. Whether they should ever be made a part of the record would depend entirely upon matters occurring subsequent to

entry of decree, and frequently, if not usually, subsequent to the end of the term, such as taking an appeal within four months. We perceive no sufficient reason (in the absence of statute) for requiring the notes to be made of record until some occasion therefor arises, and particularly in view of the state and history of legislation upon the subject. We are of the opinion that the legislature, by repealing the existing limitation, and substituting no other, must have intended to prescribe none. In the absence of existing statutory limitation or rule, we are of the opinion that it is beyond the province of the court to prescribe one with the effect of defeating an appeal in the taking of which the appellant complied with and observed all the stated requirements of the law.

It is strenuously argued that the receiver did not demand that the evidence be taken in writing or certified. Sections 11456 and 11457 entitled any party to a full report, which "shall be certified by the trial judge and reporter, when demanded * * *" The act of certification involved no judicial act. It is the duty of the officers,—purely ministerial. There is no reason why the officers may not waive demand, and, on general order, or by custom, or of their own volition, waive the demand and perform their duty, irrespective of demand. The reporter did, within the observation of counsel, take the evidence. The court had, in effect, directed the making of such report and the certification thereof. Whether this direction was known to the particular appellants on this appeal is immaterial. The making of complete record was, to their knowledge, in process. They were not prejudiced. It is undisputed not only that the duty of certification rested upon the judge and reporter, but that the reporter had general instruction from the court to make complete record, and it was the "unfailing custom of this court to have those certificates filled out and signed by the reporter and the court, and attached to the shorthand notes." The instruction was from the court. The custom was of the court, not merely of the judge and his reporter. Counsel practicing in the court may well be presumed to have known of such instructions and custom and to have relied thereon. We are unwilling to hold that, under the circumstances here shown, a duty rests upon the litigants to demand that which they see is being done, or demand that which

the court has announced will be done, and which it is its custom to do,—making apparently superfluous and obstreperous de-. mand.

Conceding, for the purpose of the appeal, that the certification must be made within a reasonable time, we think that was done. "Reasonable time" is a relative term. Prejudice or its absence is to be taken into consideration. See 7 Words & Phrases 5977; 4 Idem (2d Series) 186. The receiver evidently ordered a transcript, and got it. When the absence of certification was called to his attention, he proceeded, on notice, to have certification made. There is no question of the authenticity of the notes. The submission of the appeal was not delayed on account of the absence of the certificates. The present appellants have not suffered from the delay. The party taking an appeal ought not, under such circumstances, to suffer for an omission for which he was not responsible, and which does not prejudice his antagonist. Where the notes are lost, the evidence may, in a proper case, be retaken. *Ormsby v. Graham,* 123 Iowa 202; *Dumbarton Realty Co. v. Erickson,* 143 Iowa 677.

Moreover, the signing of the certificates to the evidence is merely ministerial. It involves no judicial act. On presentation to the judge, it is his duty to sign, and his failure to sign within the time allowed will not prejudice the appellant. The certificates should be signed as of the time when they ought to have been signed. *Cincinnati Traction Co. v. Ruthman,* 96 Ohio St. 62 (96 N. E. 1019), cited with approval in *Hamill v. Schlitz Brew. Co.,* 165 Iowa 266, 289, 290; 4 Corpus Juris 272; *Hill Co. v. United States Fid. & Guar. Co.,* 250 Ill. 242 (95 N. E. 150). Here the evidence was officially taken under the direction of the court and within the observation of all the parties. Official report was, in effect, being made by the court. The instruction and custom of the court were equivalent to an unentered order for certification. For all practical purposes, the report was be- fore the court for certification, and so considered and intended. The present appellants were not prejudiced, and the appellant in the main case ought not to be prejudiced by the mere neglect of the judge and reporter to perform the ministerial duty which they had undertaken to perform. Section 12857 permits the lower court, or a judge thereof, to "make any necessary orders to secure a perfect record * * *" We are of the opinion that

the court below was within the proper exercise of its authority in making the order appealed from.—*Affirmed*.

STEVENS, C. J., and EVANS, DE GRAFF, and WAGNER, JJ., concur.