LIZZIE W. R. ALLEN

v.

JOHN V. LE MOYNE et al.

*At Ottawa, March Term, 1882.*

PRACTICE IN THE SUPREME COURT—*supplying deficiencies in the record—at what time.* It is too late, after the decision of this court has been rendered in a cause, and pending an application for a rehearing, to ask for leave to supply alleged deficiencies in the record, unless there be shown very special circumstances calling for an exception to be made to the usual and proper mode of proceeding.

Pending an application for a rehearing of this cause, counsel for the plaintiff in error entered the following motions:

*First*—To receive and file the additional transcript herewith presented, as part of the record in the above entitled cause, and to consider the same in connection with the transcript already filed, upon the assignment of errors alleged thereon.

*Second*—Said counsel also moves for leave to assign as an additional error upon the record in this cause the denial of the motion in said additional transcript shown.

*Third*—Said counsel also moves for an order commanding the circuit court to allow said motion in said transcript shown, or for such order in the premises as the circumstances of the case may require.

*Fourth*—Said counsel also moves the court to consider the motion to file affidavits, and require amendment of record according to offer made.

In support of these motions, counsel suggested that this was a suit in chancery, in which oral testimony was heard, but that such testimony was not preserved in the record, alleging that the absence of the oral evidence was attributable to obstructions interposed by the counsel for the defendants in error.

Mr. EDWARD ROBY, for the motions.

Mr. JOHN P. WILSON, *contra.*

MULKEY, J.: Ordinarily, the purpose of a rehearing of a cause which has been decided by this court, is to bring in review the decision already made, in the light of the facts as they appeared of record at the time of the original hearing, and the law as applicable to those facts. If it happen that the record is so far incomplete as not to present the real merits of the case as developed on the trial in the court below, steps should be taken in apt time to supply the deficiency. It is too late at this stage of the case,—after the decision of the court has been rendered, and pending an application for a rehearing,—to ask that the alleged omitted matter be now supplied, and thus perhaps present an entirely different case for our consideration from that submitted for determination on the original hearing. Such a practice would be exceedingly objectionable, as enabling parties to bring their cases to this court by piecemeal, and should not obtain in any case except there be shown very special circumstances, which we do not discover here, requiring a deviation from the usual course. The motions will have to be denied.

*Motions denied.*