## THE RAILWAY PASSENGER AND FREIGHT CONDUCTORS' MUTUAL AID AND BENEFIT ASSOCIATION

*v.*

## ANNA LEONARD.

*Filed at Ottawa April 3, 1897.*

1. JUDGMENTS AND DECREES—*motion for leave to file certificate of evidence is in effect a motion to amend decree.* A motion for leave to file a certificate of evidence is in effect a motion for leave to amend the decree, as the certificate, when signed and filed, becomes a part of the decree.

2. COURTS—*power of court to extend time for filing certificate of evidence.* An order fixing the time for filing a certificate of evidence may be extended at a subsequent term without notice to the opposite party, where the time limited for filing has not expired and the court retains jurisdiction of the parties and the cause.

3. RECORD—*effect of failure to file certificate of evidence within the time allowed.* A certificate of evidence signed by the court within the time allowed for filing the same, and filed during that term, becomes part of the record though not filed until after expiration of the time allowed.

4. SAME—*appellant is charged with knowledge of omissions from the transcript of record.* It is the appellant's duty to file a complete transcript of the record, or so much thereof as presents the questions involved in the higher court, and he is chargeable with notice of omissions therefrom.

5. REHEARINGS—*a rehearing will not be granted to allow presentation of new cause.* The Supreme Court will not consider cases by piece-meal, and will not grant rehearings to allow parties to present a different case from that originally submitted to the court at the former hearing.

*Railway Conductors' Ben. Ass.* v. *Leonard,* 62 Ill. App. 477, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

PECK, MILLER & STARR, for appellant:

While there is some analogy between certificates of evidence in chancery and bills of exceptions at law, still

they are governed by essentially different rules.  *O'Connor* v. *Mahoney*, 159 Ill. 69.

When properly signed, the date of filing the certificate of evidence in the trial court is not important.  The certificate of evidence is part of the decree.  *Bennett* v. *Bradford*, 132 Ill. 269.

A motion that a certificate of evidence presented to the judge be signed, is in effect a motion to amend the decree previously entered.  *Bennett* v. *Bradford*, 132 Ill. 269.

The adjournment of court without a decision of the motion would carry the motion over to the next term.  Rev. Stat. chap. 37, sec. 38; *Bennett* v. *Bradford*, 132 Ill. 269.

WILLITS, CASE & ODELL, for appellee:

A certificate of evidence is an amendment of the decree.  *Bennett* v. *Bradford*, 132 Ill. 269.

A certificate of evidence must be filed before it can operate as such amendment.  Signing it does not make it a part of the record.  A decree, though approved by the court and directed to be filed, does not become a decree until it is filed.  *Insurance Co.* v. *Shattuck*, 159 Ill. 610; *Hughes* v. *Washington*, 65 id. 245; *Dunning* v. *Dunning*, 37 id. 306; *Hurd* v. *Goodrich*, 59 id. 450.

It is a duty of the party presenting a certificate of evidence to see it is filed.  *Tynan* v. *Weinhardt*, 153 Ill. 598.

Under the chancery practice in this State it is incumbent upon the successful party to draft the decree and submit it to the judge, whose approval endorsed thereon is the authority to the clerk to enter it of record, and thereby make it a decree of the court.  *Stevens* v. *Coffeen*, 39 Ill. 148.

It is the duty of a party dissatisfied with a decree to present and file the certificate of evidence by way of amendment thereto.  *White* v. *Morrison*, 11 Ill. 361; *Martin* v. *Hargardine*, 46 id. 322; *Allen* v. *LeMoyne*, 102 id. 25; *Jackson* v. *Sackett*, 146 id. 646.

Mr. Justice Carter delivered the opinion of the court:

Anna Leonard, the appellee, filed her bill in equity in the Superior Court of Cook county to compel the appellant to levy an assessment upon its members for the purpose of paying, and to pay, to her the sum of $2500 on account of the death, while a member of the association, of Walter T. Leonard, her husband. The cause was heard and a decree rendered as prayed, and that the appellant should pay interest on the amount at the rate of five per cent per annum from October 8, 1893,—the date of the demand and refusal to pay or to levy the assessment. Appellant took the cause, on appeal, to the Appellate Court, where, on motion of appellee, the certificate of evidence was stricken from the record and the decree affirmed. Upon further consideration, on a rehearing of the cause, we are of the opinion that in striking the certificate of evidence from the record the Appellate Court was in error.

It appears that the final decree was rendered by the trial court at its February term, 1895, and that it was provided that a certificate of evidence might be filed in twenty days. Subsequent orders were entered extending this time, and on April 18, 1895, at the April term of said court, the last order was made extending the time for filing such certificate of evidence five days from said date. The certificate, the original of which was incorporated in the transcript of the record by the clerk, shows that it was presented to the chancellor who tried the cause, and signed by him, on April 23, which was within the time limited by the last order. The record further shows that the certificate was filed with the clerk of the trial court on April 24, which was one of the days of said April term. It appears by affidavit filed in the Appellate Court in opposition to the motion to strike out the certificate, that counsel for appellee was present when the certificate was presented to the trial judge, on April 23, and objected to its being signed because the last order of ex-

tension of time, made on April 18, was obtained without notice, but said that the matter contained in the certificate was satisfactory; that after it was signed counsel for complainant took it for examination, and did not return it to appellant's counsel until the morning of the 24th, when appellant filed it with the clerk. Independently, however, of this affidavit, it appears from the record as made in the trial court, that the certificate was presented to and signed by the chancellor who tried the cause within the time fixed by the order of that court, and the only two questions which it would seem important to consider in this connection are, first, did the court have the power to enter the order made April 18, extending the time five days; and second, did the failure of appellant to file the certificate with the clerk within the time fixed by this order render it inoperative as a part of the record.

It is undoubtedly true, as contended by appellee, that a certificate of evidence, when duly signed and filed, is a part of the decree, (*Bennett* v. *Bradford*, 132 Ill. 269,) and that a motion or leave to file a certificate of evidence is a motion or leave to amend the decree. (Ibid.) And the contention is, that the court has no power to amend the decree at a subsequent term and without notice to the opposite party, and that the order of April 18, extending the time to file the certificate five days, having been entered without notice and at a term subsequent to the term at which the final decree was entered, was without effect, and that therefore the certificate, not having been presented to or signed by the judge or filed within the time previously limited, did not become a part of the record and was properly stricken out by the Appellate Court. In this contention counsel overlook the fact that this order of extension was entered in term time by the court, when the court had full jurisdiction of the matter pending,—that is, the matter of amending the decree by the signing and filing of a certificate of the evidence heard, which matter had been continued from term to

term,—and had jurisdiction also of the parties to the cause. Whether we consider, or not, the reasonable grounds for not giving notice to the complainant set forth in the affidavit before mentioned, it was clearly within the power and discretion of the court, within the time limited and at its April term, to enter the order complained of, even without notice. Without reviewing the authorities on this question, reference may be had to the following: *Brownfield* v. *Brownfield,* 58 Ill. 152; *Goodrich* v. *Cook,* 81 id. 41; *Hake* v. *Strubel,* 121 id. 321; *Hawes* v. *People,* 129 id. 123; *Village of Marseilles* v. *Howland,* 136 id. 81; *Ward* v. *Cochran,* 150 U. S. 597; *United States Life Ins. Co.* v. *Shattuck,* 159 Ill. 610; *Underwood* v. *Hossack,* 40 id. 98.

This case was pending at the April term for the purpose of signing and filing a certificate of evidence. The cases cited and others, and the rules which may be deduced from them, dispose also, we think, of the second question raised,—that is, that the certificate did not become a part of the record, because, even if presented and signed in time, it was not filed within the time fixed by the order. The time fixed was a day of the April term of court, and the court did not lose jurisdiction of the matter until the end of that term. The court had the power, at any time during the term, to make a further extension of time or to order that the certificate be filed *nunc pro tunc,* and while no such order was made, the certificate was filed during the term while the court retained jurisdiction of the matter, and its filing operated as an amendment of the decree in accordance with the order of the court while it had power to so amend it. Suppose the motion and leave had been to amend the decree in some other respect by the 23d day of April, which was in term time, and the amendment had been prepared by counsel and signed by the court but had not been filed until a later day in the term; would such an amendment have failed to become a part of the decree? Counsel would hardly so contend. The certificate was placed on file during the

term at which the court had jurisdiction of the matter
and the power to order it filed, and if the opposite party
desired to get rid of it, or to contest the right of appel-
lant to file it at a later day in the term than that fixed
by the court, he should have appeared and by proper
motion, made while the court retained jurisdiction, had
the question passed upon, so that the court, upon its at-
tention being called to the matter, might have ordered
the certificate to be filed as of the proper date, and thus
have cured this apparent defect in the record. *Village of
Hyde Park* v. *Dunham*, 85 Ill. 569; *Myers* v. *Phillips*, 68 id. 269.

As a matter of proper practice, counsel filing the cer-
tificate might himself have procured an order to file the
certificate as of a date within the time fixed; but we do
not think that his failure to do so, in view of what is
shown by this record, rendered the certificate ineffectual
as a part of the record. It is undoubtedly true, as in-
sisted by counsel, that it did not become a part of the
record until it was placed on file. But we do not think
it would be true, as suggested by counsel, that if this
certificate be held to be a part of the record, counsel
may, upon having a bill of exceptions or certificate of
evidence presented and signed within the time fixed for
filing it, retain it in their possession for months, and
even years, without filing, and until they should wish to
make use of it in prosecuting a writ of error. As the
certificate of evidence was in this case filed during the
term, it is unnecessary to consider what the effect would
have been had it been retained by appellant's counsel
and filed after the term had ended.

It has been held in a number of cases that where a
party has prepared and presented to the judge his bill
of exceptions or certificate of evidence as required, and
within the time fixed by the order of the court, his rights
shall not be prejudiced by the delay of the judge in sign-
ing it. (*Underwood* v. *Hossack*, 40 Ill. 98; *Goodrich* v. *Cook*,
81 id. 41; *Magill* v. *Brown*, 98 id. 235.) But it is said, with

some show of reason, that this case is unlike those cases, in that the record shows that there was no delay caused by the judge, for he signed it on the day it was presented to him. Aside from the affidavit above mentioned, which shows that the delay was caused by counsel for appellee in examining the certificate, the record shows no reason for not filing it on the day it was signed. But, as before said, we regard this as immaterial, inasmuch as it was filed during the term at which the court had power and jurisdiction to order it to be filed. It is a very different case from *Hake* v. *Strubel*, where the judge, in vacation, undertook to extend the time fixed by the order made in term time..

Appellant raises a question as to the effect of the order of the Appellate Court. The motion and order were, that the *bill of exceptions* be stricken from the record, and appellant contends that the certificate of evidence remained unaffected. There was no bill of exceptions in the record, and while there is a well-known distinction between the two, the principal purpose of both is to preserve the evidence, and there can, we think, be no reasonable question as to what was meant by the order of the Appellate Court. It was treated as a bill of exceptions by both parties and by the court, and was so called by appellee's counsel in some of the proceedings upon the motion.

We are of the opinion that the Appellate Court erred in striking the certificate of evidence, or bill of exceptions, as it was called, from the record.

Appellant next contends that the Appellate Court erred in refusing to reverse the decree for the alleged error of the trial court in including in it interest on the amount found to be due and payable under the constitution and by-laws of the association and evidence adduced. It is said that the case is on all fours in that respect with *Railway Conductors' Mutual Aid and Benefit Ass.* v. *Tucker*, 157 Ill. 194, where this court held that interest was not recov-

erable. It-seems, however, that the ground upon which the Appellate Court rested its decision on this point was, that there was no assignment of error which called in question the allowance of interest. As the record was presented to us on this appeal when the cause was first taken and considered, this was true; but upon the application for a rehearing appellant filed in this court a supplemental record of the Appellate Court, which it is claimed shows that before the cause was taken in the Appellate Court, appellant had, by leave of court, made an additional assignment of error covering the question of interest, and that it was by the mere inadvertence of the clerk that this part of the record was not certified to us with the first transcript. However this may be, it.was the duty of appellant to see to it that a complete transcript of the record, or at least so much of it as would present the questions involved, was filed in this court, and appellant is charged with knowledge of the omission when it submitted its cause here. It has often been said that this court will not consider cases by piecemeal, and will not grant rehearings to allow a party to present a different case from the one first submitted. In *Allen* v. *LeMoyne*, 101 Ill. 655, it was said that such a practice "should not obtain except in very special circumstances." At any rate, the rehearing in this case was granted for the reason that on further consideration we arrived at a different conclusion regarding the order of the Appellate Court striking the certificate of evidence from the record from that reached by us on the first consideration of the cause, and there is no necessity for considering the alleged error which it is claimed appears from the supplemental record.

For the error in striking the certificate of evidence from the record the judgment of the Appellate Court is reversed, and the cause is remanded to that court for a further consideration of the cause.

*Reversed and remanded.*