CHARLES E. BOYLES *et al.*

*v.*

AXEL CHYTRAUS.

*Opinion filed October 24, 1898.*

1. JUDGMENTS AND DECREES—*presumptions are in favor of judgment rendered in term time upon a cognovit.* The same presumptions will be indulged in favor of a judgment by confession entered in term time upon a *cognovit* as are indulged in the case of original judgments of courts of general jurisdiction.

2. BILLS OF EXCEPTION—*judgment by confession—what must be saved by bill of exceptions.* The warrant of attorney, affidavit of execution and the note upon which judgment by confession is rendered in term time, must be preserved by a bill of exceptions to authorize the consideration, on appeal, of alleged error which requires their inspection by the reviewing tribunal.

3. SAME—*findings presumed sustained by evidence, in absence of bill of exceptions.* In the absence of a bill of exceptions preserving the warrant of attorney, affidavit of execution and the note upon which judgment by confession was rendered in term time, it will be presumed the court heard evidence on the questions as to whether the note was properly endorsed, and whether the warrant of attorney was so drawn as to bind the defendants.

4. APPEALS AND ERRORS—*error will not lie to review judgment where errors are waived of record.* A writ of error will lie to review the overruling of a motion to vacate a judgment by confession rendered upon a *cognovit* in term time, but will not lie to review the judgment itself, where, by the warrant of attorney and the *cognovit*, the defendants expressly waive and release all intervening errors and agree that no writ of error shall be prosecuted.

*Boyles v. Chytraus,* 66 Ill. App. 592, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This is a judgment by confession, entered in the circuit court of Cook county in term time in favor of the defendant in error, against the plaintiffs in error, Charles E. Boyles and William H. Roche. The judgment was taken for review to the Appellate Court by writ of error

issued from that court, and was there affirmed. The present writ of error is sued out from this court for the purpose of reviewing such judgment of affirmance entered by the Appellate Court.

EDWARD T. CAHILL, for plaintiffs in error.

CHARLES S. DENEEN, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The plaintiffs in error assign a number of errors. The most material of the errors thus assigned are embodied in the objections hereinafter referred to. In the first place, it is said that the court below had no jurisdiction to enter the judgment for the alleged reason, that the note and warrant of attorney to confess judgment did not show any assignment of the note by the original payee therein to the defendant in error. The note and power of attorney constituted one instrument signed by "Boyles & Co." The note was payable to the order of the State Bank of Chicago.

In the second place, it is claimed that the power of attorney did not authorize a confession of judgment against both of the plaintiffs in error, composing the firm of Boyles & Co., the record failing to show, as is contended by counsel, that the note was given for a partnership debt and was signed by both members of the firm.

The record is not in such a shape as to authorize us to consider the objections thus made to the correctness of the judgment entered by the circuit court. This is true, because the record contains no bill of exceptions. There appears to be a copy of the note sued upon, together with a copy of the warrant of attorney accompanying it, attached to the declaration, or filed with the declaration. The declaration complains of the two plaintiffs in error, and alleges that, on a certain day, they executed the note

sued upon, giving a description of the note; and that the State Bank of Chicago to whom, or to whose order, the note was payable, indorsed said note in writing; that, by said indorsement, said State Bank of Chicago ordered and appointed the sum of money mentioned in the note to be paid to the defendant in error, and then and there delivered the note so indorsed to the defendant in error; and that thereby the plaintiffs in error became liable to pay defendant in error the sum of money mentioned in the note, and undertook and promised to pay the same to the defendant in error according to the tenor and effect of the note and of the said indorsement thereon. The cognovit recites, that the plaintiffs in error come by Charles H. Pease, their attorney, and waive service of process, and say that they cannot deny the action of the defendant in error, nor but that the defendant in error has sustained damages on account of the non-performance of the promises in the declaration mentioned, including a certain sum for reasonable attorney's fees for entering up the judgment. In their plea the plaintiffs in error further agree, that no writ of error or appeal shall be prosecuted on the judgment entered by virtue thereof, nor any bill in equity filed to interfere in any manner with the operation of the said judgment, and that they thereby release all errors that may intervene in entering up the same, or in issuing the execution thereon, and consent to an immediate execution upon such. Attached to the cognovit is an affidavit by a clerk in said bank, stating that he is acquainted with the handwriting of the plaintiff in error, William H. Roche, and that the signature of the note and warrant of attorney is the genuine signature of the said Boyles & Co. by William H. Roche, and that the said Roche was, at the time said note was signed and delivered, a co-partner with said Boyles, doing business as Boyles & Co., and that said Roche signed and delivered said note with the consent of said Boyles. The judgment recites, that the defendant in error came

before the circuit judge, and filed his declaration in said case against the plaintiffs in error in a plea of trespass on the case upon promises; that thereupon Charles H. Pease, an attorney of the court, appeared in behalf of the plaintiffs in error by virtue of a warrant of attorney, for that purpose executed by the plaintiffs in error, and then and there duly proved and filed in open court; that the plaintiffs in error filed their cognovit, waiving the issuing and service of process, and acknowledged that they did assume and promise in manner and form as the defendant in error had in his declaration alleged; and that they confessed that the defendant in error had sustained damages to the amount of the note, and attorney's fees. The judgment further recites that, thereupon, upon evidence heard in open court, the court finds that said defendant in error has sustained the aforesaid damages, and orders and considers that he recover the amount so confessed, etc.

There being no bill of exceptions in the case, the presumption arises that the necessary proof was introduced in the court below to sustain the findings of the judgment, and the allegations of the pleadings, as the same are above recited. As the judgment was rendered in term time, the same presumptions in its favor, although it was rendered upon a cognovit, will be indulged, as are indulged in the case of original judgments of courts of general jurisdiction. Where a court of superior general jurisdiction has proceeded to adjudicate and render judgment in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction. (*Hansen* v. *Schlesinger*, 125 Ill. 230; *Osgood* v. *Blackmore*, 59 id. 261). As the court below found that a declaration, a warrant of attorney, note and cognovit were filed; that the appearance of the defendant below was entered, and the amount due on the note was confessed, we will presume the court heard evidence upon the question, whether or not the note was properly assigned, and upon the further ques-

tion, whether or not the warrant of attorney was executed in such a way as to bind both the members of the firm.

This court has held generally, that the copy of a note sued upon, which is attached to a declaration, forms no part of the declaration. Whenever a defendant intends to raise a question upon an instrument sued upon, or upon a bill of particulars, filed with the declaration, he must preserve such question by a bill of exceptions. The copy of the instrument sued upon, or the bill of particulars, indorsed on the declaration, being no part thereof, is no part of the record; and a bill of exceptions can alone inform us of what it is. (*Harlow* v. *Boswell,* 15 Ill. 56; *Franey* v. *True,* 26 id. 184; *Schofield* v. *Settley,* 31 id. 515; *Hess Co.* v. *Dawson,* 51 Ill. App. 146; 3 Ency. of Pl. & Pr. p. 404, note).

In addition to the general rule thus laid down, that a copy of an instrument sued upon, when it appears indorsed upon a declaration, is no part of the record in the absence of a bill of exceptions presenting it, it is also settled law, that, where a judgment by confession is entered in term time, the warrant of attorney, the affidavit of execution, and note, upon which judgment is confessed, must be brought up by a bill of exceptions. (*Waterman* v. *Caton,* 55 Ill. 94; *Magher* v. *Howe,* 12 id. 379; *Roundy* v. *Hunt,* 24 id. 598; *Hall* v. *Jones,* 32 id. 38; 3 Ency. of Pl. & Pr. p. 407, note 2). We say here, as we said in *Waterman* v. *Caton, supra:* "The judgment having been entered in term time, the note and warrant of attorney cannot become a part of the record, unless introduced into it by a bill of exceptions. In this case there was no bill of exceptions taken." "We will, however, in the absence of a bill of exceptions showing what the evidence was, presume that the evidence was ample to sustain the judgment." (*Miller* v. *Glass,* 118 Ill. 443).

If, however, it were allowable for us to regard the warrant of attorney in this case as a part of the record, the warrant of attorney by its terms waives and releases

all errors which may intervene in any proceeding for the confession of a judgment, and consents to immediate execution upon such judgment. It authorizes any attorney of any court of record to appear and confess judgment without process in favor of the holder of the note for such amount as may appear to be due thereon. By the cognovit also the defendants below agree, that no writ of error shall be prosecuted on the judgment entered by virtue of such warrant of attorney. In view of such waiver and release, the plaintiffs in error cannot be permitted to assign as error that which they have solemnly released of record. They must be bound by their deliberate declarations entered of record in open court. All the objections here urged to the judgment are mere errors, and they were waived of record in the court below in the manner stated. If the plaintiffs in error had made a motion in proper time in the court below to vacate the judgment entered, and that motion had been overruled, and the action of the court had been presented by a proper bill of exceptions, this court could review a refusal of the court below to vacate the judgment in accordance with such motion. A writ of error will lie to review the overruling of a motion to vacate the judgment, but will not lie to review the judgment itself when errors are waived and released in the manner above stated. (*Lake* v. *Cook,* 15 Ill. 353; *Frear* v. *Commercial Nat. Bank,* 73 id. 473; *Hall* v. *Hamilton,* 74 id. 437; *Little* v. *Dyer,* 35 Ill. App. 85; *Werkmeister* v. *Beaumont,* 46 id. 369).

In any view, therefore, in which this case is presented to us upon the present record, we see no reason for interfering with the judgments of the lower courts.

Accordingly the judgment of the Appellate Court, affirming the judgment of the circuit court, is affirmed.

*Judgment affirmed.*