ALBERT BUCK, Admr., Defendant in Error, *vs.* O. W. Rosenthal, Plaintiff in Error.

*Opinion filed April 20, 1916—Rehearing denied June 8, 1916.*

1. MASTER AND SERVANT—*when a contractor will be charged with notice of overloading floor by another.* A contractor who is employed to do the carpenter work in rebuilding a floor will be charged with notice of the overloading of the floor with sand and other materials for mosaic work being done by another contractor, when the former's foreman in charge of the work saw the materials being piled on the floor and knew that one of his employees was working in the basement beneath the floor.

2. NEGLIGENCE—*when verdict in favor of one defendant does not release the other.* Where two independent contractors are sued jointly for causing the death of an employee of one of them but the charge of negligence against each defendant is different, a verdict of not guilty as to one defendant will not release the other, who is charged with negligently sending the deceased (who was his employee) into a basement to work, with knowledge that the other defendant had negligently overloaded the floor with heavy building materials, since the latter, even though he had overloaded the floor, would not be liable unless he knew the deceased was working in the basement.

3. APPEALS AND ERRORS—*the Supreme Court will not consider point first raised in petition for rehearing in Appellate Court.* The Supreme Court will not consider a point raised for the first time in a petition for rehearing in the Appellate Court.

4. SAME—*a party is bound by his instructions as to the issues and law.* Where an action for damages is submitted to the jury under instructions given at the instance of the defendant wherein the particular negligence with which he is charged is pointed out, it is too late, after the jury have found him guilty of such negligence, to change his theory of the case and insist that he should have been found guilty of some other act of negligence in order to render him liable.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. C. A. McDONALD, Judge, presiding.

WINSTON, PAYNE, STRAWN & SHAW, and CHARLES J. O'CONNOR, (JOHN D. BLACK, and EDWARD W. EVERETT, of counsel,) for plaintiff in error.

DARROW & BAILEY, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Albert Buck, administrator of the estate of August Bockelman, deceased, brought an action on the case in the superior court of Cook county against the plaintiff in error, O. W. Rosenthal, and George H. Rees, the Standard Brewery, and others, to recover damages for wrongfully causing the death of plaintiff's intestate. At the close of plaintiff's case in chief the suit was dismissed by the plaintiff as to all defendants except plaintiff in error and Rees. At the same time plaintiff in error moved the court to exclude the evidence and instruct the jury to find the plaintiff in error not guilty, and a similar motion was made in behalf of Rees. The motions were denied, and thereafter plaintiff in error refused to further participate in the trial until the close of all of the evidence, when he again renewed his motion to exclude the evidence and instruct the jury to find him not guilty. This motion was denied and the instruction refused. Rees offered evidence and contested the case upon the merits, and the trial resulted in a verdict of not guilty as to him and a verdict for $10,000 against plaintiff in error. A motion for a judgment in favor of plaintiff in error on the verdict returned by the jury in favor of the defendant Rees and a motion for a new trial and in arrest of judgment were made by plaintiff in error and overruled, and an appeal was prosecuted to the Appellate Court for

the First District, where the judgment of the lower court was affirmed. A petition for a writ of *certiorari* was allowed by this court, and the cause is now in this court pursuant to the issuance of such writ.

The declaration contained one count. It charges that prior to July 6, 1911, the Standard Brewery was engaged in repairing and remodeling a building at the corner of VanBuren and Clark streets, in the city of Chicago; that plaintiff in error, Rosenthal, was the contractor doing the carpenter work; that George H. Rees was a cement contractor employed by the Standard Brewery for the purpose of putting a mosaic floor in the building; that plaintiff's intestate was employed by plaintiff in error as a common laborer, and on the day in question was at work cleaning up the basement of the building under the direction of the plaintiff in error, whose duty it was to furnish him a reasonably safe place in which to work; that Rees negligently placed such large quantities of material on the first floor of the building that the floor was overloaded and broke and fell into the basement and onto plaintiff's intestate, and he thereby sustained injuries from which he died; that it was the duty of plaintiff in error to know the floor was overloaded, and that he did know it or in the exercise of ordinary care should have known such fact, and that Rees knew that said floor was overloaded and was negligent in causing and permitting it to be overloaded. A plea of general issue to the declaration was filed by plaintiff in error and by Rees.

For some days prior to the accident plaintiff in error was engaged in repairing and remodeling a room at the corner of Clark and VanBuren streets, in the city of Chicago, for the Standard Brewery, to be used by one Righeimer as a saloon. The room was in the form of an "L," with a frontage of twenty feet on Clark street, extending north from a point twenty-eight feet north of the corner of Van-
Buren street, and a frontage of twenty feet on VanBuren

street, extending west from a point seventy feet west of the corner of Clark street.   Plaintiff in error had contracted to make certain repairs in the building and lay a hard-wood floor in that part of the building leased by Righeimer.   Before the work on the floor was started Righeimer made such arrangements with plaintiff in error and the Standard Brewery that by his paying the difference in the cost between a mosaic floor and the hard-wood floor provided for by the contract the former was to be laid.   A contract was then let to Rees for the laying of the mosaic floor, plaintiff in error to prepare the floor on which the mosaic floor was to be laid.   As originally constructed, wooden beams 12x12 were placed under the center line of that portion of the building which fronted on Clark street.   These beams run east and west.   The west end of the first beam was supported by a stairway wall on the west, and the east end rested on an iron column about eight feet from the stairway, making the first span of this beam eight feet.   Other beams extended east and were supported by iron columns placed twelve feet apart.   Columns were placed on top of the basement columns on the first and second floors and supported the upper part of the building.   The first column, eight feet from the stairway wall, prevented the placing of the saloon fixtures in the position desired by Righeimer, and the column was moved four feet east, the column in the basement being also moved a like distance.   The moving of this column increased the distance between the stairway wall and the first column from eight feet to twelve feet, and the eight-foot beam was taken out and replaced by a twelve-foot beam taken from another place in the building.   The old floor in the building was also lowered about a foot, to the sidewalk level.   In order to do this no change was made in the beams, but the joists were cut off and lowered so as to rest on angle-irons fastened onto the beams by means of bolts and clevises.   After the old floor was lowered the necessary repairs were made upon it by plaintiff in error to

make it solid, so as to hold the concrete and other materials which were to be used to make the mosaic floor. In laying the mosaic floor Rees used various materials, such as cement, sand, tile, water, etc., and the floor space in the saloon, and particularly that above the twelve-foot beam which had replaced the shorter one, was used for the piling of these materials, and also a portion of some six tons of sand, which was being wheeled into the building that morning from Clark street and dumped upon the floor, the exact amount of sand on the floor at the time of the accident not appearing from the evidence. While the plaintiff's intestate was at work cleaning up in the basement the east end of the beam broke, and the floor, with the materials thereon, fell into the basement and onto him, and he sustained injuries from which he died. At the time of the accident plaintiff's intestate was a married man, thirty-four years of age, sober, industrious, and earning $25 a week, which he regularly turned over to his wife to be used in supporting the family, consisting of himself, his wife and three children. It further appears that a child has been born to his widow since his death.

It is first insisted that the trial court erred in denying the motion to exclude the evidence and give the peremptory instruction to find plaintiff in error not guilty. In support of this contention it is urged there is no evidence to show that plaintiff in error knew that the floor was being overloaded. The evidence on this question shows that plaintiff in error was employed to repair the floor and knew the load that it was expected to carry and the character of the work that was necessary to be performed in putting in the mosaic floor. The work on the building was under the immediate direction of his foreman, Davis. Davis was at the building that morning before the accident occurred. At the time he was there the materials above mentioned were there on the floor and the sand was being wheeled in and piled on the floor. He was seen on the stairway and in the basement of

the building, and his attention was called to the fact that water was leaking through the floor and was liable to cause the plastering to come off. These conditions were testified to by the witness Erickson, who went into the basement about eight o'clock in the morning and was not again out of there until after the accident. Notice to Davis was notice to his principal, Rosenthal. We think the jury might legitimately conclude from this evidence that Davis had the same notice and knowledge of the condition of the floor on that morning that the other men at work on the building had and knew about. It was not error, therefore, for the court to deny the motion to exclude the evidence and refuse to give the peremptory instruction to find plaintiff in error not guilty. *Goldie* v. *Werner,* 151 Ill. 551; *Libby, McNeill & Libby* v. *Cook,* 222 id. 206; *Linquist* v. *Hodges,* 248 id. 491; *Village of Montgomery* v. *Robertson,* 229 id. 466; *Fesser* v. *Chicago and Illinois Midland Railway Co.* 267 id. 418.

It is next insisted that the building in which plaintiff's intestate was injured was one in the course of construction, and that plaintiff in error was not liable to his employees for the safety of every part of it during the changes incident to such work of construction. This question does not seem to have been raised in the trial court or in the Appellate Court until the filing of the petition for rehearing in that court. Certified copies of plaintiff in error's brief in the Appellate Court and of the petition for rehearing filed in that court by plaintiff in error have been filed in this court pursuant to leave granted, from which it appears this question was first alluded to in the petition for rehearing. The question was not raised in apt time. Under the holdings of that court, following the rule announced by this court in *Railway Conductors' Benefit Ass'n* v. *Leonard,* 166 Ill. 154, and other cases, it was too late to raise that question for the first time in the petition for rehearing. (*Davis* v. *Bigson,* 70 Ill. App. 271; *City of Chicago* v. *People's*

*Gas Light and Coke Co.* 170 id. 98.) Nor can it be considered by this court at this time. Under the uniform holdings of this court a point not properly raised and presented to the Appellate Court for decision cannot be considered by this court when the cause is removed here by appeal, *certiorari* or on a writ of error. (*Strodtmann* v. *County of Menard,* 158 Ill. 155; *Abend* v. *Endowment Fund Com.* 174 id. 96; *Reynolds* v. *Mandel,* 175 id. 615; *People* v. *Strauch,* 240 id. 60.) As said in *People* v. *Strauch, supra:* "When a case is removed from the trial court to the Appellate Court it is the duty of the complaining party to point out to that court in his brief all the errors relied upon for a reversal, and where the appellant fails in this regard and the cause is by him brought to this court for review, no errors will be considered other than those which were presented by his brief to the Appellate Court."

It is further insisted that the court erred in refusing to enter judgment in favor of plaintiff in error on the verdict returned in favor of his co-defendant, George H. Rees. This contention is based upon the language in which the charge of negligence is made in the declaration against the respective defendants. The declaration contains one count, and charges that Rees, one of the defendants, carelessly and negligently took into the building large quantities of material to be used by him in carrying out his contract, consisting of cement, lime, sand, mortar and other materials, and placed the same on the first floor of the building, and carelessly and negligently placed too large an amount of material on said floor; that "he overloaded the same to such an extent so that said floor broke and fell down into said basement;" that the plaintiff's intestate was working in the basement under the orders of Rosenthal, in the discharge of his duty and in the exercise of ordinary care for his own safety, when said floor above him, "being so overloaded as aforesaid, broke and fell down onto him" and killed him; that it was the duty of plaintiff in error to know that said

floor was so overloaded as aforesaid, and that he knew, or in the exercise of ordinary care should have known, that said floor was so overloaded, and should not have sent the plaintiff's intestate into the basement to work or permitted him to go into said basement to work, and "that by reason of said O. W. Rosenthal not furnishing plaintiff's intestate, August Bockelman, deceased, a reasonably safe place in which to work under the conditions herein above set forth, and by reason of said George H. Rees' carelessness and negligent overloading of said floor under which plaintiff's intestate was working, as aforesaid, * * * the defendants are liable to the plaintiff for the benefit of the widow and next of kin of said August Bockelman for his death," etc.

The plaintiff in error now insists that the negligence charged against him is the same as that charged against his co-defendant, Rees, viz., the negligent overloading of the floor by Rees, and that in order for there to be a recovery against him under the averments of the declaration, defendant in error is bound to prove that Rees negligently overloaded the floor,—in short, that there cannot be a recovery against him unless there is also a recovery against his co-defendant, Rees. In this contention we are unable to concur. The defendants, Rosenthal and Rees, were independent contractors and were not charged with the commission of a joint negligent act, and it was not necessary to prove the same negligence against each in order to warrant a recovery against the other, as in cases where master and servant or lessor and lessee are both sued together for the negligent act of the servant or lessor. Joint liability, only, and not joint negligence, is charged against the defendants, and for this reason the rule announced in *Anderson* v. *West Chicago Street Railroad·Co.* 200 Ill. 329, *Hayes* v. *Chicago Telephone Co.* 218 id. 414, and other cases cited by plaintiff in error, is not in point. The negligence charged against Rees is of an entirely different character from that

charged against plaintiff in error. The charge against Rees is that he carelessly and negligently took into the building large quantities of material and placed too large an amount of such material on the floor, by reason whereof the floor became overloaded and broke and fell into the basement, etc. The negligent act complained of is the placing of too large quantities of materials on the floor. That the floor became overloaded and fell is alleged as the consequence of such negligent act. The charge of negligence against plaintiff in error is, that he knew, or in the exercise of ordinary care should have known, that the floor was overloaded, and failed to furnish the plaintiff's intestate with a safe place in which to work and ordered him to do his work in an unsafe place. In order to warrant a recovery, under this declaration, against Rees it was necessary to allege and prove not only that he carelessly and negligently placed too large a quantity of materials on the floor so that the same became overloaded, but also that he knew, or in the exercise of ordinary care should have known, of the presence of plaintiff's intestate in the basement, for unless Rees knew or was charged with knowledge of the presence of plaintiff's intestate in the basement he owed him no duty, and his act in overloading the floor, no matter how negligent it may otherwise have been, would not render him liable in this action by defendant in error. For this reason the verdict of the jury finding Rees not guilty is not conclusive of the fact that he was not negligent in placing too large a quantity of materials upon the floor, so that the same became overloaded and fell. However, that question is not involved in this case, for the reason that it was tried in the lower court upon the theory that the negligence charged against plaintiff in error was that he knew, or in the exercise of ordinary care should have known, the floor was overloaded, thereby rendering the place in which plaintiff's intestate was ordered to work, an unsafe place. In none of the instructions offered by plaintiff in error (and all instructions ten-

dered by him were given) was proof of the fact that Rees negligently overloaded the floor embodied as an essential element for defendant in error to prove in order to warrant a recovery against plaintiff in error. On the contrary, the jury were specifically instructed, at the instance of plaintiff in error, that the charge of negligence against him was that he knew, or in the exercise of ordinary care should have known, that the said floor was overloaded and that he thereafter sent plaintiff's intestate to work in the basement. This is well illustrated by the fifth instruction given at the instance of plaintiff in error, as follows:

"You are instructed that the plaintiff cannot recover against the defendant Rosenthal on the ground that there was any weakness or improper construction of the floor in question. The declaration filed by the plaintiff in this case alleges the defendant Rees negligently placed too large an amount of material on said floor, overloading the same, and that the defendant Rosenthal knew, or in the exercise of ordinary care should have known, that said floor was so overloaded. The only negligence charged against the defendant Rosenthal is that he knew, or in the exercise of ordinary care should have known, that said floor was overloaded, and that thereafter he sent Bockelman to work in the basement. If you find, from the evidence offered by and on behalf of the plaintiff, that Rosenthal did not know that said floor was overloaded, and that the evidence offered by and on behalf of the plaintiff fails to show that in the exercise of ordinary care in the prosecution of the work he was doing he should have known it was overloaded, or if you find such evidence leaves the question of whether Rosenthal did know that the floor was overloaded, or in the exercise of ordinary care should have known it, in doubt, so that you are unable to say whether he did know or should have known such fact, if you find from such evidence that this is the fact, the plaintiff cannot recover against the defendant Rosenthal."

273 – 13

The question of fact as to whether or not the plaintiff in error was guilty of the negligence with which he was charged was for the jury. Each party was entitled to have that question submitted to the jury as one of fact under accurate instructions from the court as to the character of the negligence charged against plaintiff in error in the declaration, and where, as here, the cause is submitted to the jury under instructions given at the party's own instance, wherein the particular negligence with which he is charged is pointed out, and the jury have found him guilty of such negligence, it is too late for him to afterwards change the theory of the case and insist that he should have been found guilty of some other negligence than that pointed out in his instructions. Plaintiff in error is bound by his instructions as to the issues and law in the case.

For the reasons given the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*