(No. 20583
THE ALTON BANKING AND TRUST COMPANY, Defendant in
Error, *vs.* W. G. GRAY *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

MILLER, GORHAM & WALES, and WILLIAM P. BOYNTON, (AMOS C. MILLER, and HERBERT C. DEYOUNG, of counsel,) for plaintiffs in error.

J. P. STREUBER, for defendant in error. .

Mr. COMMISSIONER PARTLOW reported this opinion:

This case comes to this court upon a writ of *certiorari* to the Appellate Court for the Fourth District to review a judgment of that court affirming a judgment by confession in the city court of Alton for $7148.61 in favor of defendant in error, the Alton Banking and Trust Company, a corporation, and against plaintiffs in error, W. G. Gray, Julia M. Gray, and others.

On November 26, 1927, the Gray Stores, a corporation, by Alfred Weber, its president, and W. G. Gray, its secretary and treasurer, executed to defendant in error a note for $6667.49, due four months after date and containing a power of attorney to confess judgment thereon. On the back of the note was an endorsement signed by Alfred Weber, Edna F. Weber, W. G. Gray and Julia M. Gray, by which they "jointly and severally guarantee the payment of the within note and interest at maturity, or at any time thereafter," together with interest, costs, expenses and attorney's fees. On May 9, 1928, during the May term, 1928, of the city court of Alton, defendant in error confessed judgment on the note in question against the Gray Stores, Alfred Weber, Edna F. Weber, W. G. Gray and Julia M. Gray, for $7148.61. Under the power of attorney the appearance of all of the above named parties was entered by C. C. Ellison, their attorney. On May 15, 1928, during the May term of court, plaintiffs in error, W. G. Gray and

Julia M. Gray, filed their unsworn written motion to vacate the judgment as to them on the grounds that they did not sign the power of attorney to confess the judgment, that they were not the makers of the note but were only guarantors thereof, that they were not brought into court in any manner provided by law, and that the whole proceeding was a nullity as to them. The motion was heard at the May term, was continued to the September term, and at the December term was overruled. Plaintiffs in error appealed to the Appellate Court for the Fourth District, and on June 25, 1929, the judgment was affirmed on the grounds that the note and power of attorney were not in the bill of exceptions, that where a judgment by confession is entered in term time the note and power of attorney are not a part of the record unless preserved in the bill of exceptions, and that where they are not preserved in the bill of exceptions they cannot be considered even though the clerk of the trial court copied them into the common law record.

After the opinion of the Appellate Court was filed plaintiffs in error filed their petition for a rehearing, together with a motion for leave to file an amendment to the bill of exceptions so as to include the note and power of attorney. The original bill of exceptions taken on the denial of the motion to vacate the judgment certified that plaintiffs in error, "to sustain their position and contention and the issues relative thereto, introduced the following motion, evidence and records, that is to say." Then followed the convening order of the May term of court, the judgment by confession, the judge's minutes on the orders entered, the unsworn motion of plaintiffs in error to vacate the judgment, the order taking it under advisement, the orders of adjournment of the May and September terms, and the order of the December term denying the motion to vacate the judgment and allowing an appeal to the Appellate Court. The original bill of exceptions contains no reference to any

other evidence, and there is no certificate that it contained all of the evidence heard upon the motion or that the note was offered in evidence. The cause was submitted to the Appellate Court with the record in this condition, and on June 25, 1930, the judgment was affirmed. On June 27, 1930, plaintiffs in error presented to the trial court their motion to amend the bill of exceptions by inserting in it a copy of the note and power of attorney on which the judgment was rendered. The trial court ordered that the bill of exceptions be amended "by attaching thereto and including therein this amendment to such original bill of exceptions, including the motions aforesaid, the orders of the court relative thereto and a copy of said note and warrant of attorney, which latter was omitted from such original bill of exceptions but which is in the files in this case in the office of the clerk of this court, as aforesaid, which said note and warrant of attorney, together with the endorsement thereon appearing, are in words and figures as follows." Then follow copies of the note, power of attorney and guaranty. The motion to amend the bill of exceptions, the objections of defendant in error thereto and the order of the court were on July 19, 1930, incorporated in an amendment to the bill of exceptions, which was signed by the trial judge and filed in the trial court. On July 23, 1930, plaintiffs in error presented the transcript of the amended bill of exceptions to the clerk of the Appellate Court, together with their petition for leave to file the same, to be considered in connection with the transcript already filed, and the assignment of errors thereon in connection with the petition for rehearing. The Appellate Court denied the motion to file the amended bill of exceptions on the grounds that it merely stated that the trial court found from an inspection of the record and files in the case that a certain note and power of attorney therein set out were in the files and had been omitted from the original bill of exceptions and that the bill of exceptions was amended to include the

same; that neither the amended transcript nor the original transcript showed that the note and power of attorney were offered in evidence on the hearing of the motion to vacate the judgment; that there was no showing that the bill of exceptions contained all of the evidence on that hearing; that the motion to vacate the judgment was not verified and did not show that plaintiffs in error had a legal or equitable defense to the debt on which the judgment was entered; that plaintiffs in error were guarantors of the note at maturity; that they were original promisors and could be sued upon the failure of the makers to pay the note when due; that the liability of plaintiffs in error did not depend upon the prosecution of a suit against the makers, and that the judgment was entered in term time and the motion to set it aside appealed to the equitable jurisdiction of the court.

On February 7, 1931, after a writ of *certiorari* had issued from this court to review the judgment, plaintiffs in error made a motion in the trial court for another amendment to the original bill of exceptions and to the first amendment thereto, and the trial court entered an order allowing the motion for a further amendment. The certificate to this amendment was signed by the trial judge and recited "that the above and foregoing is a true copy of the original note and power of attorney upon which judgment was confessed and upon which the judgment in this case was predicated, and that no other evidence was offered upon said application for judgment, and that no evidence was offered at any time except that appearing in the bill of exceptions and the amendments thereto." Plaintiffs in error then presented to this court their suggestion of a diminution of the record, also a transcript of the order allowing the second amendment to the bill of exceptions, together with their motion that the bill of exceptions as last amended be filed in this court. The decision on this motion was reserved and it was taken with the case. Counsel

appearing here for plaintiffs in error were not in the case in the trial court or Appellate Court.

The first question is whether plaintiffs in error are entitled to file in this court their second amended bill of exceptions. It has uniformly been held that no questions can be considered on appeal from or writ of error to the Appellate Court except such as were properly before the Appellate Court for consideration. (*Claflin v. Dunne*, 129 Ill. 241; *National Bank of Lawrence County v. LeMoyne*, 127 id. 253; *Hyslop v. Finch*, 99 id. 171; *Redlich v. Bauerlee*, 98 id. 134.) In *Buck v. Rosenthal*, 273 Ill. 184, it was held that this court will not consider a point raised for the first time in a petition for rehearing in the Appellate Court. The original bill of exceptions as presented to the Appellate Court without question was not sufficient because it did not contain the note and power of attorney, did not show that they were offered or admitted in evidence and the certificate did not recite that the record contained all of the evidence. The certificate attached to the first amended bill of exceptions was defective for the reason hereafter stated. If this court should find that the Appellate Court erroneously refused to permit the amendment to the bill of exceptions to be filed in that court, all this court could do would be to reverse the judgment of the Appellate Court and remand the case to that court, with directions to allow plaintiffs in error to amend the bill of exceptions and to hear the case on such amendment. This court, under the authorities, is not justified in permitting plaintiffs in error to file in this court a second amendment to the bill of exceptions, which amendment was not presented to nor considered by the Appellate Court, even though the certificate attached thereto is sufficient, and the motion of plaintiffs in error to file in this court the second amendment to the bill of exceptions is denied.

The next question is whether the Appellate Court properly refused to permit plaintiffs in error to file the first

amended bill of exceptions. A bill of exceptions was necessary to make the note a part of the record, and only by this means could it be brought to the knowledge of the Appellate Court. A bill of exceptions is the pleading of the party who presents and files it and is taken most strongly against him. Presumptions are not indulged in his favor. After the Appellate Court had affirmed the judgment plaintiffs in error obtained from the trial court an amendment to the bill of exceptions, and they filed in the Appellate Court a petition for a rehearing and asked leave to file the amended bill of exceptions. The certificate of the trial judge to this amended bill of exceptions, as above set forth, is defective and is not sufficient. It does not state that the note was admitted in evidence and does not state that the bill of exceptions contained all of the evidence. After this court granted plaintiffs in error's petition for a writ of *certiorari,* together with an extension of time in which to file their briefs and abstracts, plaintiffs in error notified defendant in error that they would apply to the trial court for a further amendment to the bill of exceptions. The order of the trial court granting leave to file a second amended bill of exceptions contains the following: "It is therefore ordered and adjudged that inasmuch as the bill of exceptions heretofore filed herein on March 25, 1929, and the amendment to said bill of exceptions heretofore filed herein on July 19, 1930, do not show that said note upon which the judgment in this case is predicated was offered in evidence, leave is hereby granted to file a second amended bill of exceptions." This certificate of the trial judge in effect recites that up to the time the writ of *certiorari* was granted by this court a properly certified bill of exceptions had not been filed showing that the note was introduced in evidence. Counsel for plaintiffs in error recognized this fact. This fact, alone, was sufficient to justify the Appellate Court in refusing to permit plaintiffs in error to file their first amendment to the bill of exceptions after

the opinion of the Appellate Court had been filed. At the time the Appellate Court affirmed the judgment no other judgment could have been entered, because the bill of exceptions did not contain the note and power of attorney.

These defects in the certificates attached to the bill of exceptions were not cured by the fact that a copy of the note was attached to the declaration, and the declaration, with the note attached, is a part of the common law record. In an action at law a copy of the document sued on is no part of the declaration, (*Boyles* v. *Chytraus*, 175 Ill. 370; *Hippach* v. *First Nat. Bank*, 169 id. 515; *Gage* v. *Lewis*, 68 id. 604;) and a variance between the copy and the original offered in evidence is no ground for excluding the latter. (*Home Flax Co.* v. *Beebe*, 48 Ill. 138; *Stratton* v. *Henderson*, 26 id. 68.) In *Boyles* v. *Chytraus, supra*, on page 374, it was said: "This court has held, generally, that the copy of a note sued upon which is attached to a declaration forms no part of the declaration. Whenever a defendant intends to raise a question upon an instrument sued upon, or upon a bill of particulars filed with the declaration, he must preserve such question by a bill of exceptions. The copy of the instrument sued upon, or the bill of particulars indorsed on the declaration, being no part thereof, is no part of the record, and a bill of exceptions can alone inform us of what it is." (Citing cases.) The declaration in the case at bar stated a good cause of action, the note attached to the declaration was no part thereof, and no question can be raised on the sufficiency of the note by reason of the fact that it is attached to the declaration and that it is in the common law record.

Not only was the defective certificate attached to the first amended bill of exceptions sufficient to sustain the ruling of the Appellate Court, but even if the first amended certificate was sufficient and was properly filed it does not affect the conclusiveness of the judgment of the Appellate Court. The issue in the trial court on the motion to vacate

the judgment was, "Did the plaintiffs in error execute the power of attorney to confess judgment?" The same presumptions are indulged in favor of a judgment by confession entered in term time as in a judgment entered by service of process. (*Boyles* v. *Chytraus, supra; Hansen* v. *Schlesinger,* 125 Ill. 230.) The rule is different where the judgment is entered by confession in vacation. (*Farwell* v. *Huston,* 151 Ill. 239.) In the latter case a compliance with all the statutory requirements to authorize the confession of judgment must appear on the face of the record, while in the former case every·presumption will be indulged in favor of the judgment, even to the extent of presuming that a sufficient warrant of attorney was produced and proved to the court though another which was insufficient appeared in the files. The question presented to the Appellate Court on the petition for rehearing was whether, after final judgment in the Appellate Court, the defeated party, upon obtaining in the trial court a material amendment to the record, was entitled to a rehearing by reason of new and material evidence contained in the amended record. In *Buck* v. *Rosenthal, supra,* it was held that the Supreme Court will not consider a point raised for the first time in a petition for rehearing in the Appellate Court, and several cases are cited in support of this holding. In *Allen* v. *LeMoyne,* 101 Ill. 655, it was said: "It is too late at this stage of the case—after the decision of the court has been rendered and pending an application for a rehearing— to ask that the alleged omitted matter be now supplied, and thus, perhaps, present an entirely different case for our consideration from that submitted for determination on the original hearing. Such a practice would be exceedingly objectionable, as enabling parties to bring their cases to this court by piecemeal, and should not obtain in any case except there be shown very special circumstances, which we do not discover here, requiring a deviation from the usual course." This rule was also recognized in *Gaines* v.

*Williams,* 146 Ill. 450, and *Railway Conductors' Benefit Ass'n* v. *Leonard,* 166 id. 154.) No special circumstances appear in this case which would require a deviation from the usual course.

The Appellate Court properly refused to permit plaintiffs in error to file the amended bill of exceptions, and the judgment of the Appellate Court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*