The Exchange National Bank of Chicago, a National Banking Association, Plaintiff-Appellee, v. Crest Finance Company, Inc., an Illinois Corporation, Defendant-Appellant.

**Gen. No. 49,284.**

First District, Third Division.

November 12, 1964.

255

Rappaport, Clorfene & Rappaport, of Chicago (Hamilton Clorfene, of counsel), for appellant.

Brown, Dashow & Langeluttig, of Chicago (Norman H. Arons, Jack Joseph and Jerome H. Torshen, of counsel), for appellee.

On Rehearing

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook County denying a motion by the defendant, Crest Finance Company, Inc., to vacate a judgment by confession entered in favor of the plaintiff and against the defendant on May 24, 1963. A motion to vacate the judgment was filed on May 27, 1963, and the order denying the same was entered on the same day.

The complaint and confession on a judgment note signed by defendant, Crest Finance Company, Inc., and guaranteed by the defendant, Lester A. Brock, were filed on May 24, 1963, and judgment was entered on that day against both defendants in the sum of $60,442.69 and costs. The note, in part, is as follows:

"91 da 15–16–70 (hand written in upper margin)

No. 248210 Chicago, Ill. April 8, 1963
Due Date July 8, 1963 Amount $100,000.00

On Demand, and if no demand is made then 91 days after date for value received the undersigned promise to pay to the order of

The Exchange National Bank
of Chicago

One Hundred Thousand & No/100 Dollars with interest at the rate of 6 per cent per annum, and with interest at seven per cent per annum after maturity until paid. . . ."

In addition to the foregoing the note contained a warrant of attorney authorizing a confession of judgment "at any time after maturity." Judgment was confessed on this note prior to 91 days after its date of April 8, 1963. The complaint did not allege any prior demand on the part of the plaintiff. Judgment was entered against the corporation and Lester A. Brock.

On May 27, 1963 the defendant, Crest Finance Company, Inc., filed a motion to set aside the judgment and dismiss the cause on the ground that the judgment was entered by virtue of a supposed demand note attached to the complaint; that the note on its face specifies that the due date is July 8, 1963, and that the note is not a demand note. The motion also asserted that the said judgment was entered by virtue of a purported warrant of attorney to confess judgment, which warrant was void for the reason "that the said note had not (sic) and is not due as per its terms until July 8, 1963."

The plaintiff on May 27, 1963 filed an affidavit signed by one Charles Lyle, Assistant Vice President

of the Exchange National Bank of Chicago, in which he stated that attached thereto was a copy of a letter mailed by United States registered mail, postage prepaid, to the defendant, Crest Finance Company, Inc., on the 25th day of April, 1963. That the affiant supervised the mailing of the letter, which made demand upon the defendant, Crest Finance Company, Inc., to pay the note involved in the above entitled cause. That the return receipt was received by the plaintiff bank bearing the signature of the defendant, Crest Finance Company, Inc., a copy of which receipt was attached to the affidavit. That subsequent to the demand the defendant paid $25,000 on account of said note, which sum, together with other sums in the possession of the bank, was applied on account of the note. The affiant further stated that the defendant, Crest Finance Company, Inc., never at any time made any objection to said demand. A copy of the letter making the demand for immediate payment was dated April 25, 1963, and the return receipt is dated April 26, 1963.

The court denied the motion of the defendant to vacate the judgment on May 27, 1963.

It is the contention of the defendant that (1) the note was not payable on demand and the warrant of attorney authorizing the confession of judgment after maturity did not authorize the confession of judgment prior to July 8, 1963, and (2) that the affidavit of Charles Lyle, filed in opposition to the motion to vacate, could not cure the judgment entered on May 24, 1963.

The appellant in support of its first point cited the case of Brown v. Maguire's Real Estate Agency, 343 Mo 336, 101 SW2d 41. The note in that case used language similar to that used in the note in question: "on demand, and if no demand be made, then on the 1st day of February, 1933." In that case, however, the court said: "We think the intent of the note is that it

258

does not mature, so that an action may be maintained upon it, prior to February 1, 1933, without demand for its payment first having been made. It is conceded that the bank made no such demand."

The Brown case, which, incidentally, was reversed on other grounds by the Supreme Court of Missouri in 343 Mo 336, 121 SW2d 754, is not authority for appellant's first contention. Neither the intermediate court nor the Supreme Court of the State of Missouri denied the right to make a demand in order to mature the note before the date specified.

The note in the instant case, like the note in the Brown case, could be matured prior to its due date by the making of a demand upon the maker.

The appellant also urges that the written provisions appearing on the upper margin of the note "91 da 15–16–70" prevailed over the printed provisions of the note. This contention is without merit. Marginal figures have been held to be no part of the instrument and may be referred to only if there is an ambiguity in the instrument. Merritt v. Boyden & Son, 191 Ill 136, 60 NE 907; Langdale v. People, 100 Ill 263; Riley v. Dickens, 19 Ill 29; Corgan v. Frew, 39 Ill 31. There is no ambiguity in the note before us.

We now come to the second contention of the defendant to the effect that the affidavit of Charles Lyle filed on behalf of the plaintiff on May 28, 1963 could not cure the alleged defective and void judgment entered on May 24, 1963.

During oral argument in this court the defendant argued the insufficiency of the complaint and pointed out in the argument that nowhere in the complaint had the plaintiff alleged a demand before having judgment entered by confession. The motion of the defendant to vacate the judgment did not in any of its paragraphs question the sufficiency of the complaint, and of course did not allege that a demand had

259

not been made. Confusion in this record was caused by the filing of the affidavit on behalf of the plaintiff, which affidavit was not responsive to the motion of the defendant. Plaintiff in its affidavit set up that a demand had been made in writing and a copy of the demand was attached to said affidavit, which showed a written demand had been made prior to the filing of the complaint. However, since the defendant did not in its motion attempt to attack the sufficiency of the complaint upon which judgment was entered, the affidavit filed by the plaintiff in opposition to the motion of the defendant to vacate was meaningless. The defendant may not change the theory in the Appellate Court from that upon which the case was decided in the trial court.

In Blanchard v. Lewis, 414 Ill 515, at page 521, 112 NE2d 167, the court said the following:

> ". . . it is appellant's contention that the well-settled rule which requires the parties on appeal to adhere to the theory upon which they presented the case in the trial court operates to limit the scope of review. Such a contention is not without a basis, for we find it stated in 3 Am Jur, Appeal and Error, sec 830, that the authorities are agreed on the proposition that a case, on appeal, must be reviewed and decided on the theory on which it was tried in the court below, and that the theory upon which the case was submitted in the trial court should be treated as the law of the case on appeal. While we have been unable to find any direct application of the doctrine last stated in the decisions of this court, we have consistently held that the parties to an action cannot try a case on one theory in a trial court and on another in a court of review. (Hedlund v. Miner, 395 Ill 217; Chicago Title and Trust Co. v. DeLasaux, 336 Ill

260

522; Winnard v. Clinton, 233 Ill 320.) *We believe. it logically follows that the reviewing court is, itself, subject to the same limitation.*

"In determining the theory upon which the case was presented to the trial court, appeal courts will examine the whole record and the briefs of counsel and will construe the pleadings on the theory most clearly outlined by the facts stated and according to their general scope and tenor. (3 Am Jur, Appeal and Error, sec 830.)" (Emphasis supplied.)

█ Indeed it would have availed the defendant nothing to have attacked the sufficiency of the complaint on the ground that no prior demand had been alleged in the complaint, for the reason that the complaint alleged that the amount sued for was "due" from the defendant. Even if the allegation that the amount was due under the note was a legal conclusion, after judgment the complaint is construed most strongly in favor of the pleader.

In Johnson v. Illini Mutual Ins. Co., 18 Ill App2d 211, at page 218, 151 NE2d 634, the court said:

"A liberal rule is applied in construing a complaint where its sufficiency is raised for the first time after judgment. A complaint is sufficient if the facts essential to a cause of action appear by reasonable implication only, or if the allegations are in the form of legal conclusions which merely imply the necessary legal facts. After judgment a court of review will do its utmost to construe a complaint as effectively alleging a good cause of action rather than as failing to allege a cause of action. Parrino v. Landon, 8 Ill2d 468, 134 NE2d 311."

In Alton Banking and Trust Co. v. Gray, 347 Ill 99, the court said on page 107, 179 NE 469:

261

"The same presumptions are indulged in favor of a judgment by confession entered in term time as in a judgment entered by service of process. (Boyles v. Chytraus, supra; Hansen v. Schlesinger, 125 Ill 230.)"

In George S. May v. Chas. O. Larson Co., 304 Ill App 137, the court said on page 145, 26 NE2d 139:

"Ordinarily a court of law will grant leave to a debtor to appear and defend against a judgment by confession entered against him if he has a valid defense. However, such relief will not be granted, even though the power of attorney was insufficient to give the court jurisdiction of the defendant, if it appears that the debtor owes the amount of the judgment and that he has neither a legal nor an equitable defense to the debt for which the judgment was entered. (Alton Banking & Trust Co. v. Gray, 259 Ill App 20; Farwell v. Huston, 151 Ill 239.)"

The defendant, Crest Finance Company, Inc. in its motion to vacate showed neither a legal nor an equitable defense to the debt.

 Even had the defendant sought to attack the sufficiency of the complaint for failure to allege a prior demand, its motion would not have been well-founded for the reason that the filing of the suit constitutes a demand under Illinois law. Luther v. Crawford, 116 Ill App 351. (See Brown v. Maguire's Real Estate Agency, 343 Mo 336, 101 SW2d 41, hereinabove cited, for contrary Missouri law as to necessity for prior demand.)

In Luther v. Crawford, 116 Ill App 351, the court said on page 353:

"The money and bonds mentioned therein were to be delivered to appellant 'upon call,' that is, on

demand. This phrase does not make the time of payment uncertain. White v. Smith, 77 Ill 351. It was due and payable from and after its date. Suit might have been brought upon it without demand, since suit is a demand. Hunt v. Divine, supra; Arnold v. Bournique, 144 Ill 139."

■ Because the motion of the defendant to vacate the judgment in the trial court did not question the sufficiency of the complaint, that question was not properly preserved for review, and as has been pointed out above, even had the motion attacked the sufficiency of the complaint it would have availed the defendant nothing. The order of the circuit court denying the motion of defendant, Crest Finance Company, Inc., to vacate the judgment is affirmed.

Order affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.