## Charles H. VanPelt and Thomas Sylvester, Plaintiffs in Error, v. Sylvia Lindley, Defendant in Error.

1. APPEAL AND ERROR, § 1035*—*necessity of assignments of error.* A contention which is covered by no assignment of error will not be considered by the Appellate Court.

2. APPEAL AND ERROR, § 9*—*when writ of error will not lie.* While a writ of error will lie to review the overruling of a motion to vacate the judgment on a note, it will not lie to review the judgment itself where the *cognovit* filed pursuant to express authority contained in the power of attorney forming a part of the note expressly waives and releases all errors intervening in the entry of judgment and agrees that no writ of error or appeal shall be prosecuted to reverse the judgment entered thereon.

Error to the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

LIVINGSTON & WHITMORE, for plaintiffs in error.

L. D. ZILM and SULLIVAN & RUST, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

A judgment by confession based on a promissory note signed by plaintiffs in error and made payable to "Ourselves" was entered by the clerk of the circuit court of McLean county in vacation against plaintiffs in error and in favor of defendant in error for $2,793.65, including $250 attorney's fees. The *cognovit* confessed an indebtedness to the amount of $2,793.75, or ten cents more than the judgment was entered for, and contained the usual release of all errors that intervene in the entry of judgment and agreement that no writ of error or appeal shall be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

prosecuted to reverse the judgment entered thereon. The power of attorney pursuant to which judgment was confessed expressly authorized such waiver and release of errors. No motion was made in the circuit court to set aside the judgment or for leave to plead and no meritorious defense is suggested. By the writ of error sued out by plaintiffs in error, they seek to challenge the authority of the clerk to enter the judgment, the sufficiency of the power of attorney to authorize the entry of any judgment in favor of defendant in error, and the validity of the judgment because it was not as large by ten cents as the *cognovit* acknowledged was due. As to the last-named contention, there is no assignment of error under which it can be considered. As to the errors covered by proper assignments, it is sufficient to say they were all expressly waived in the *cognovit* which was filed pursuant to express authority contained in the power of attorney which was part of the note sued on. "A writ of error will lie to review the overruling of a motion to vacate the judgment, but will not lie to review the judgment itself when errors are waived and released in the manner above stated." *Boyles v. Chytraus,* 175 Ill. 370-375 and cases there cited. The judgment of the circuit court is affirmed.

*Judgment affirmed.*